1  John E. Hill, SBN 45338
2  Enrique Martinez, SBN 206884
   LAW OFFICES OF JOHN E. HILL
3  333 Hegenberger Road, Suite 500
   Oakland, CA 94621
4  Tel: (510) 588-1000
   Fax: (510) 632-1445
5  enriquemartinez@hill-law-offices.com
6
   Ramsey Hanafi, SBN 262515
7  QUINTANA HANAFI, LLP
   870 Market Street, Suite 1115
8  Tel.: (415) 504-3121
   Fax: (415) 233-8770
9  info@qhplaw.com
10
11 *Attorneys for Plaintiff and the Class*
12
13                  UNITED STATES DISTRICT COURT
14                 NORTHERN DISTRICT OF CALIFORNIA
15

16 | LINDA CHAMPAGNE, on behalf of herself | CASE NO. 4:17-cv-02128-SK
   | and all others similarly situated, |
17 |                                       | **CLASS ACTION**
18 |          Plaintiff,                    |
19 |               v.                       |
20 | PLANNERNET, INC., a North Carolina    | **STIPULATION AND [PROPOSED]**
   | Corporation,                          | **ORDER TO FILE FIRST AMENDED**
21 |          Defendant.                    | **COMPLAINT**
22
23
24
25
26
27         IT IS HEREBY STIPULATED by the parties who have appeared in this action, Plaintiff

28 LINDA CHAMPAGNE and Defendant PLANNERNET, INC., by and through their respective

- 1 -

1  attorneys of record, that Plaintiff may file a First Amended Complaint, a copy of which is
2  attached hereto as Exhibit "A."

3       IT IS FURTHER STIPULATED that:

4
5  1.   Plaintiff will file the First Amended Complaint within seven (7) calendar days of the
6  Court's Order permitting such filing;

7  2.   Undersigned counsel for Defendant PLANNERNET, INC. is authorized to and will
8  accept service of the FIRST AMENDED COMPLAINT on behalf of PLANNERNET, INC.; and

9  3.   Defendant's answer to the original Complaint filed on May 16, 2017 will be deemed the
10  answer to the First Amended Complaint.

11       IT IS SO STIPULATED.
12

13  Dated: March 1, 2019        QUINTANA HANAFI, LLP

14
15                  By: _____ /s/ Ramsey Hanafi _____
                         Ramsey Hanafi
16                       Counsel for Plaintiff and the Class

17

18  Dated: March 1, 2019        JEFFER, MANGELS, BUTLER & MITCHELL, LLP

19
20                  By: _____ /s/Travis Gemoets _____
                         Travis M. Gemoets
                         Taylor N. Burras
21
22                       Counsel for Defendant

23
                              **ORDER**
24
25  IT IS SO ORDERED.

26  Date: _____, 2019      _____
27                              HON. SALLIE KIM
                                UNITED STATES MAGISTRATE JUDGE
28

# EXHIBIT A

John E. Hill, SBN 45338
Enrique Martinez, SBN 206884
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Suite 500
Oakland, CA 94621
Tel: (510) 588-1000
Fax: (510) 632-1445
enriquemartinez@hill-law-offices.com

Ramsey Hanafi, SBN 262515
QUINTANA HANAFI, LLP
870 Market Street, Suite 1115
Tel.: (415) 504-3121
Fax: (415) 233-8770
info@qhplaw.com

*Attorneys for Plaintiff and the Putative Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LINDA CHAMPAGNE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLANNERNET, INC., a North Carolina Corporation,<br><br>Defendant. | **CASE NO.** 4:17-cv-02128-SK<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION** |

Formatted: Font: 10 pt

- 1 -

1    Plaintiff Linda Champagne, on behalf of herself,  the general public, and all others
2 similarly situated ("Plaintiff") alleges and complains against  Plannernet, Inc. ("Defendant" or
3 "PLANNERNET") as follows:

4                                   **INTRODUCTION**

5        1.      This is a class action brought pursuant to Federal Rule of Civil Procedure 23 to
6 recover unpaid overtime compensation owed to Plaintiff and similarly situated employees under
7 the California Labor Code.  Plaintiff also alleges that Defendant routinely violated the California
8 Labor Code and Industrial Welfare Commission (IWC) Wage Orders by:  failing to provide
9 adequate meal periods and rest breaks; failing to provide accurate wage statements; and failing to
10 reimburse workers for work-related expenses.  On behalf of herself and the putative Class,
11 Plaintiff seeks unpaid wages, damages, restitution, and other relief for herself individually, and
12 on behalf other aggrieved former and current employees.
13       2.      Plaintiff alleges that Defendant has had a policy of misclassifying non-exempt
14 employees as independent contractors, thereby: (1) unlawfully failing to provide Plaintiff and
15 similarly situated employees with overtime premiums for all hours worked in excess of eight in a
16 day or 40 in a week; (2) unlawfully failing to provide Plaintiff and similarly situated employees
17 with timely, statutorily-mandated meal and rest periods and/or failing to properly compensate
18 them for meal and rest period violations; (3) willfully failing to provide Plaintiff and similarly
19 situated employees with wages for hours worked on a weekly or semi-monthly basis; (4)
20 willfully failing to provide Plaintiff and similarly situated employees with accurate semi-monthly
21 itemized wage statements; (5) willfully failing to pay compensation owed in a prompt and timely
22 manner to Plaintiff and similarly situated employees whose employment with Defendants has
23 terminated; (6) failing to reimburse mandatory employee expenses; and (7) violating California's
24 Unfair Competition Law (the "UCL").
25 //
26 //
27
28

Formatted: Font: 10 pt

**JURISDICTION AND VENUE**

3.      This court has jurisdiction in this action pursuant to 28 U.S.C. section 1332(d)(2), as set forth more fully herein. The parties are diverse and the damages of Class Members when aggregated in this matter exceed $5,000,000.

4.      This court is the proper venue for this action under 28 U.S.C. section 1391 because the Defendants are subject to jurisdiction in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

**THE PARTIES**

5.      At all relevant times, Plaintiff has resided in the State of California and was the employee of Defendant.  Plaintiff worked for Defendant in California within the four years preceding the filing of this action.

6.      Plaintiff Linda Champagne is a natural person who was employed by Defendant as an "Meeting Manager" from approximately March, 2014 to July, 2016.

7.      Plaintiff is informed and believes and, based thereon, alleges that Defendant PLANNERNET, INC. is, and at all times mentioned in this complaint, has been a North Carolina company providing temporary staffing needs for its clients throughout California and the United States.  The principal place of business of PLANNERNET, INC. is 79 TW Alexander Drive #4501, Suite 300, Research Triangle Park, North Carolina 27709. Plaintiff brings this action against Defendants, for engaging in a uniform policy and systematic scheme of wage abuse against Class Members in California. This scheme involved, inter alia, denying the Class Members overtime premiums owed, timely wages, accurate wage statements, expense reimbursements, and timely, uninterrupted, off-duty meal and rest breaks or break violation pay in lieu thereof, as mandated under California law.

8.      As used through this Complaint, the term "Class Members" refers to the Representative Plaintiff herein as well as each and every person eligible for membership in the Class as described and defined herein.

- 3 -

Formatted: Font: 10 pt

9.     During her employment, Plaintiff routinely worked for PLANNERNET as an "independent contractor" without being provided (1) with all overtime wages due, (2) timely payment of wages for hours worked in a given pay-period, (3) timely net ten minute rest periods for every four hours worked or major fraction thereof, (4) a thirty minute uninterrupted, duty-free meal period during meal period eligible shifts, (5) one hour of pay at her regular rate of compensation for each work day that the meal or rest period was not provided, (6) reimbursement of business expenses, and (7) timely payment of all owed wages immediately upon termination or resignation.  Plaintiff alleges, on information and belief, that these violations were the result of policies and procedures that applied uniformly to all putative Class Members during the applicable period.

10.    As a result of the above violations, Plaintiff's wage statements did not reflect the actual number of hours worked, the lawful wages due thereon, or any lawful deductions and tax withholdings, and were therefore routinely inaccurate.

11.    Plaintiff brings this action on behalf of herself and as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

**FACTUAL BACKGROUND**

12.    Defendant PLANNERNET acts as a temporary staffing agency that provides  its clients with attendee personnel for seminars, conferences, symposia, trade shows, corporate meetings, and dinners at various events throughout the United States and in California (hereinafter "Client Events."). PLANNERNET Client Events range from "small format" meetings, such as private corporate dinners, to "Large Format" meetings such as at Oracle's "OpenWorld," which draws thousands of attendees over the course of a week.

13.    Plaintiff alleges, based on information and belief, that Defendant PLANNERNET employed hundreds of employees in California, referred to generally by PLANNERNET as "Meeting Managers" or "Event Planners," for various PLANNERNET Client Events in

- 4 -

Formatted: Font: 10 pt

California including, but not limited to, Oracle "Open World," NVIDIA's GPU Technology Conference, Salesforce's "DreamForce," and a myriad of other events for clients such as Bank of America, GAP, Banana Republic, Pfizer, Bloomberg, Cisco, Blackrock, Accenture, Deloitte, and others.  Duties of the Plaintiff and similarly situated employees at Client Events consisted primarily of any of the following duties or some combination thereof: registering guests arriving at events, distribution and collection of event-related materials (including but not limited to surveys, evaluations, pamphlets, Q&A cards, gifts, promotional material, vouchers, badges, Audience Response System keypads), checking guest credentials, filling gift bags, scanning attendee badges, acting as "wayfinders" or "directionals", assisting guests on or off busses or other transportation, setting up or tearing down booths, setting up or tearing down registration areas, door/room monitoring, assisting attendees at "information desks,"  and other event staffing needs.  The duties of the Plaintiff and her co-workers did not, and currently does not, qualify as the type of work normally conducted by independent contractors, nor does the work meet the criteria of any known exemption from the entitlement to overtime, accurate itemized wage statements and/or meal and rest periods.

14.    Defendant systematically designated all putative Class Members as independent contractors by having each one sign an "Independent Contractor Agreement" with Defendant. Defendant required Plaintiff and other similarly situated workers to pay a mandatory $50 "application fee" for consideration of employment by PLANNERNET.

15.    Plaintiff Champagne was paid an average of $20 per hour during her employment with PLANNERNET.  Plaintiff alleges, based on information and belief, that Putative Class Members were paid varying hourly rates similar to those of the Plaintiff.

16.    Plaintiff alleges, based on information and belief that Defendant PLANNERNET paid putative Class Members a pre-determined sum of money based on the agreed-upon contracted hours for each Client Event, regardless of whether Class Members worked any overtime, and regardless of whether Class Members spent any time working outside their pre-

- 5 -

*Champagne v. Plannernet, Inc.*, Northern District of California Case No. 4:17-cv-02128-SK
CLASS ACTION FIRST AMENDED COMPLAINT

Formatted: Font: 10 pt

scheduled hours. PLANNERNET paid putative Class Members 60 or even 90 days after the last day of a Client Event. PLANNERNET or its clients provided to putative Class Members all equipment or materials necessary for Client Events, such as shirts, iPads for registering guests, paper checklists for events, scanners, registration cards, and/or any other items required for Plaintiff and putative Class Members to perform their work, and required Class Members to return these items after events, outside work hours or "off the clock." PLANNERNET and its clients dictated when putative Class Members would begin and end work, how they would perform their work, how much they were paid for each event, and when they were paid. PLANNERNET reserved the right to terminate the services of any putative Class Member at-will. PLANNERNET also required putative Class Members to pay business related expenses such as parking, and use of their cell phones for work related communications.

17.   Plaintiff worked over eight hours in a single workday without receiving any overtime pay in at least one Client Event. Putative Class Members were employed at this Client Event, with hundreds more employed at other Large Format Client Events for periods lasting longer than eight hours in a single workday, or forty hours in a single workweek.

18.   Based on Defendant's misclassification of all putative Class Members, Defendant knowingly and intentionally failed to provide Plaintiff and similarly situated employees with a net 10-minute rest period for every four hours worked or major fraction thereof and an uninterrupted 30-minute meal period for working five hours or more, nor provide them compensation for such violations.

19.   California Labor Code §§ 201.3 and 204 requires Defendant to pay its employees either weekly or semi-monthly. Defendant's "Net-60" payment plan resulted in all putative Class Members being paid 60 days after the completion of each temporary assignment, rather than weekly or semi-weekly.

20.   California Labor Code §§ 201, 201.3, and 202 require Defendant to pay severed employees all wages due and owed to the employee immediately upon discharge or within 72

- 6 -

*Champagne v. Plannernet, Inc.*, Northern District of California Case No. 4:17-cv-02128-SK
CLASS ACTION FIRST AMENDED COMPLAINT

Formatted: Font: 10 pt

hours of resignation of their positions, in most circumstances. California Labor Code § 203 provides that an employer who willfully fails to timely pay such wages must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, and the payment of such penalty shall continue for a period of time up to 30 days. Defendant did not pay any putative Class Members all owed wages either immediately upon termination or within 72 hours of resignation, pursuant to Defendants' "Net-60" days' payment system for its workers.

21.     Furthermore, Defendant failed to provide the Plaintiff and the putative Class Members with accurate semimonthly itemized statements of the total number of hours worked by each, and all applicable hourly rates in effect, during the pay period, in violation of California Labor Code § 226.  In failing to provide the required documents, Defendant has not only failed to pay its workers the full amount of compensation due but have also, until now, effectively shielded itself from its employees' scrutiny by concealing the magnitude and financial impact of its wrongdoing that such documents might otherwise have led workers to discover.

22.     Despite actual knowledge of these facts, Defendant has and continues to enjoy an advantage over its competition and a resultant disadvantage to its workers by electing to misclassify its employees as independent contractors and thereby depriving them of timely owed wages, accurate wage statements, overtime premiums, off-duty meal periods, rest periods or compensation, reimbursement of business expenses, timely wage payments due to its  a "Net-60" basis system (i.e., 60 days after completion of each Client Event), and timely payments of all wages due and owing upon any putative Class Members' termination.

23.     Plaintiff is informed and believes and, based thereon, alleges that officers and managing agents of PLANNERNET knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified the violations of the laws cited herein.

24.     Despite Defendant's knowledge of Plaintiff's and putative Class Members' entitlement to timely wages, overtime premiums, meal and rest periods or break violation pay in

- 7 -

*Champagne v. Plannernet, Inc.,* Northern District of California Case No. 4:17-cv-02128-SK
CLASS ACTION FIRST AMENDED COMPLAINT

Formatted: Font: 10 pt

1    lieu thereof, expense reimbursement, and accurate wage statements, Defendant failed to provide

2    them, in violation of the California Labor Code and Business and Professions Code, the

3    applicable California Industrial Welfare Commission Wage Order and Title 8 of the California

4    Code of Regulations. As a result, Defendant also failed to pay all final wages to Plaintiff and all

5    other putative Class Members whose employment also has terminated.

6          25.    As a direct and proximate result of Defendant's unlawful conduct, as set forth

7    herein, Plaintiff and putative Class Members have sustained damages including compensation for

8    loss of earnings for hours worked on behalf of Defendant in an amount to be established at trial.

9    As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein,

10   Plaintiff and putative Class Members are entitled to recover penalties for failure to provide

11   semimonthly statements of hours worked and all applicable hourly rates (pursuant to Labor Code

12   § 226) in an amount to be established at trial. Plaintiff and putative Class Members are also

13   entitled to recover costs and attorneys' fees pursuant to California Labor Code §§ 218.5, 1194

14   and/or California Civil Code § 1021.5, among other authorities.

15

16         26.    Plaintiff seeks injunctive relief prohibiting Defendant from engaging in the

17   complained-of illegal labor acts and practices in the future.  Plaintiff also seeks restitution of

18   costs incurred by Plaintiff and putative Class Members under California's Unfair Competition

19   Law. Unless enjoined, Defendant's unlawful conduct will continue unchecked, while the

20   Plaintiff and similarly situated employees bear the financial brunt of Defendant's unlawful

21   conduct. As a further direct and proximate result of Defendant's unlawful conduct, as set forth

22   herein, Plaintiff and the putative Class Members are also entitled to recover costs and attorneys'

23   fees pursuant to statute.

24                            **CLASS ALLEGATIONS**

25         27.    Plaintiff brings this action on behalf of herself and all similarly situated workers,

26   as a class action pursuant to Federal Rules of Civil Procedure 23 ("Fed. R. Civ. P. 23").  The

27   claims herein have been brought and may be properly maintained as a class action because there

28   is a well-defined community of interest in the litigation and the proposed Classes are easily

- 8 -

*Champagne v. Plannernet, Inc.*, Northern District of California Case No. 4:17-cv-02128-SK
CLASS ACTION FIRST AMENDED COMPLAINT

Formatted: Font: 10 pt

1   ascertainable. This action also satisfies the predominance, typicality, numerosity, superiority,

2   and adequacy requirements of the Fed. R. Civ. P. 23 provisions.

3       28.     Plaintiff proposes the following Class of non-exempt workers employed by

4   PLANNERNET (referred to as the "Plaintiff Class"):

5           All persons who worked for Defendant Plannernet as Suppliers or Meeting
            Managers and supported Defendant's onsite client events in California at any time
6           from April 17, 2013 through the date of the preliminary approval order., and who
            do not properly and timely opt out of the Settlement Class by requesting
7           exclusion. All persons employed by Defendant in California at any time during
            the four years preceding the filing of this Complaint through to the present to
8           provide, on a temporary basis, attendee services at client events with 50 attendees
            or more, wherein the class members' work consisted of any of the following
9           duties or some combination thereof: registering guests arriving at events,
            distribution and collection of event-related materials (including but not limited to
10          surveys, evaluations, pamphlets, Q&A cards, gifts, promotional material,
            vouchers, badges, Audience Response System keypads), checking guest
11          credentials, filling gift bags, scanning attendee badges, acting as "wayfinders" or
            "directionals", assisting guests on or off busses or other transportation, providing
12          event materials to attendees, setting up or tearing down booths, setting up or
            tearing down registration areas, door/room monitoring, or assisting attendees at
13          "information desks."

14      29.     There is a well-defined community of interest in the litigation and the proposed
15
16  class is ascertainable:

17          a.  Numerosity: A class action is the only available method for the fair and efficient
18
19              adjudication of this controversy. The members of the Plaintiff Class are so

20              numerous that joinder of all members is impractical, if not impossible, insofar as

21              while the exact number of class members in the Plaintiff Class is unknown to

22              Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that the

23              Class has approximately 400 over 150 members. The number of Class Members

24              will be determined by, among other things, analysis of job announcements, pre-

25              event communications, invoices sent to temporary staff, staffing records in

26              possession of PLANNERNET, and online event postings maintained by

27              Defendant.

28

Formatted: Font: 10 pt

- 9 -

*Champagne v. Plannernet, Inc.*, Northern District of California Case No. 4:17-cv-02128-SK
CLASS ACTION FIRST AMENDED COMPLAINT

b.  <u>Commonality:</u> The Plaintiff and Plaintiff Class share a community of interests, in part, since there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, class certification is proper under Rule 23. These common questions include, but are not necessarily limited to:

  i.  Whether Defendant violated Labor Code Sections 510, 1194, and 1198 by refusing to pay  overtime premiums due and owing to Class Members;

  ii.  Whether Defendant violated California Labor Code §§ 201, 201.3, 202, 203, 204, and 218.6 by failing to pay all owed wages on an either weekly or semi-monthly basis;

  iii.  Whether Defendant violated California Labor Code §§ 226, 226.3, 1174(d), and 1174.5 by failing to by failing to keep accurate records of employees' hours of work, and to provide the timely itemized statements to Class Members of total hours worked by each and all applicable hourly rates in effect during the pay period;

  iv.  Whether Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code §§ 201.3 and 203;

  v.  Whether Defendant violated California Labor Code §§ 226.7 and 512 by failing to provide Class Members, for each work period of more than five hours per day, with an off-duty meal period of at least 30 minutes, and, for each work period of four hours or major fraction thereof, a net ten minute rest period, without any compensation therefore;

  vi.  Whether Defendant is subject to civil penalties for violations of California Labor Code § 210;

Formatted: Font: 10 pt

      vii.    Whether Defendant violated California Labor Code § 2802 by requiring a mandatory $50 fee to be apply for work with PLANNERNET, and by failing to reimburse Class Members for business expenses incurred by Class Members in direct discharge of their duties;

      viii.    Whether Defendant owes penalties for the above-listed violations pursuant to California Labor Code §§ 558 and 2698, *et seq.*;

      ix.    Whether Defendant violated California Business and Professions Code § 17200, et seq. by failing to pay (1) all wages owed on appropriate paydays; (2) overtime premiums, (3) meal period premiums to its employees who worked in excess of five consecutive hours without a meal period (4) rest period premiums to its employees for each four hour period (or major fraction thereof) worked without a rest period, and (5) timely wages pursuant to Labor Code §§ 201.3 and 204;

      x.    Whether class-wide injunctive relief is an appropriate remedy by which to prevent and/or halt the violations alleged herein from continuing.

  c.  Typicality: Plaintiff's claims are typical of the claims of Class Members. Plaintiff and Class Members sustained damages arising out of and caused by Defendant's common course of conduct in violation of the law, as alleged herein.

  d.  Superiority of a Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be

Formatted: Font: 10 pt

- 11 -

1   dispositive of the interests of other Class Members who are not parties to the

2   adjudications and/or may substantially impede their ability to adequately protect

3   their interests.

4       e.   Adequacy of Representation:  Plaintiff is an adequate representative of the

5   Plaintiff Class in that her claims are typical of those of the Plaintiff Class, and

6   Plaintiff has the same interest in the litigation of this case as the Class Members.

7   Plaintiff is committed to vigorous prosecution of this case and has retained

8   competent counsel who are experienced in conducting litigation of this nature.

9   Plaintiff is not subject to any individual defenses unique from those conceivably

10  applicable to Class Members as a whole. Plaintiff anticipates no management

11  difficulties in this litigation.

12

13                          **FIRST CAUSE OF ACTION**
14                       **FAILURE TO PAY OVERTIME**
        **(Violation of California Wage Orders and Labor Code §§ 510, 1194, 1198)**
15
16      30.   Plaintiff incorporates in this cause of action each and every allegation of the

17  preceding paragraphs, with the same force and effect as though fully set forth herein.

18      31.   During the Class Period, the Plaintiff Class worked, on many occasions, in excess

19  of 8 hours in a workday and/or 40 hours in a workweek. The precise number of overtime hours

20  will be proven at trial.

21      32.   During the Class Period, Defendant refused to compensate the Plaintiff Class for

22  all of the overtime wages earned, in violation of the applicable IWC Wage Order and provisions

23  of the California Labor Code.

24      33.   Moreover, during said time period, Plaintiff and many of the putative Class

25  Members were employed by and thereafter terminated or resigned from their positions with

26  Defendant, yet were not paid all overtime wages due upon said termination or within 72 hours of

27  said resignation of employment therefrom. Said non-payment of all wages due was the direct and

28  proximate result of a willful refusal to do so by the Defendant.

Formatted: Font: 10 pt

1   34.   At all relevant times, Defendant was aware of, and under a duty to comply with,

2   the overtime provisions of the California Labor Code including, but not limited to, California

3   Labor Code §§ 510, 1194, and 1198.

4   35.   By refusing to compensate the Plaintiff Class for overtime wages earned,

5   Defendant violated those California Labor Code provisions cited herein as well as the applicable

6   IWC Wage Order(s).

7   36.   As a direct and proximate result of Defendant's unlawful conduct, as set forth

8   herein, the Plaintiff Class sustained damages, including loss of earnings for hours of overtime

9   worked for Defendant in an amount to be established at trial, and are entitled to recover

10  attorneys' fees and costs of suit.

11  Wherefore, Plaintiff prays for judgment as set forth below.

12  **SECOND CAUSE OF ACTION**

13  **FAILURE TO PROVIDE MEAL AND REST PERIODS OR PAY MEAL AND REST**
    **PERIOD PREMIUMS**

14  **(California Labor Code §§ 226.7, 512)**

15  37.   Plaintiff incorporates in this cause of action each and every allegation of the

16  preceding paragraphs, with the same force and effect as though fully set forth herein.

17  38.   Plaintiff and putative Class Members are entitled to meal periods in which they

18  were relieved of all job duties. Instead, Plaintiff believes, and thereupon alleges, that Defendant

19  did not schedule meal periods and required Plaintiff and putative Class Members to work

20  through their meal periods and to remain on-duty throughout their shift. Plaintiff is informed,

21  believes, and thereupon alleges that Defendant also interfered with putative Class Members'

22  ability to take timely, off-duty meal periods by refusing to allow them the freedom to leave the

23  premises of their assigned event, or otherwise completely relieve themselves of all duties while

24  at an event. Moreover, no "on duty" written meal period agreement and/or waiver, valid or

25  otherwise, affected Plaintiff's and the putative Class Members' entitlement to meal periods.

26  Furthermore, neither Plaintiff nor any putative Class Member ever meets any known test for

27  exemption from the entitlement to meal and rest periods. Thus, Defendant violated California

28

- 13 -

Formatted: Font: 10 pt

Labor Code §§ 226.7 and 512 and applicable Wage Orders.

39.     Plaintiff is informed and believes, and thereupon alleges, that Defendant required Plaintiff and putative Class Members to work without receiving timely rest breaks to which they were entitled.

40.     Defendant's unlawful acts deprived Plaintiff and putative Class Members of rest breaks, so they are entitled to recovery pursuant to California Labor Code section 226.7, subdivision b, in the amount of one additional hour of pay at the employee's regular rate of compensation for each day on which one or more meal periods was not provided.

41.     Defendant's unlawful acts deprived Plaintiff and putative Class Members of rest periods, so they are entitled to recovery pursuant to California Labor Code section 226.7, in the amount of one additional hour of pay at the employee's regular rate of compensation for each day on which one or more rest periods was not provided.

Wherefore, Plaintiff prays for judgment as set forth below.

**THIRD CAUSE OF ACTION**
**FAILURE TO PAY WAGES**
**(California Labor Code §§ 200, 201.3, 218.6, 1194, 1194.2, 1197)**

42.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

43.     Wages are defined in California Labor Code section 200 and include all amounts for labor performed.

44.     Hours worked pursuant to IWC Order No. 5-2001 includes "…time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work whether or not required to do so."

45.     Plaintiff and Class Members were paid a flat rate per job, calculated by multiplying a set number of hours by a non-negotiable hourly rate. Plaintiff and Class Members did not receive any additional pay for any additional time they were engaged, suffered, or permitted to work by Defendant. For example, before "large format" Client Events, Defendant

- 14 -

1  would send Plaintiff event materials that she had to review, prepare, and bring to the event. After

2  the event, Plaintiff would have to mail the materials. This time was unpaid by Defendant.

3      46.      As an actual and proximate result of Defendant's unlawful acts, Plaintiff and

4  Class Members have been deprived of compensation in an amount according to proof at the time

5  of trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and

6  costs pursuant to Labor Code sections 218.5 and 218.6.

7      47.      Pursuant to California Labor Code section 1194.2, Plaintiff and Class Members

8  are entitled to liquidated damages in an amount equal to the wages unlawfully unpaid, and

9  interest thereon.

10      Wherefore, the Plaintiff prays for judgment as set forth below.

**FOURTH CAUSE OF ACTION**
**FAILURE TO TIMELY PAY ALL WAGES DUE**
**(California Labor Code §§ 201.3, 204)**

13      48.      Plaintiff incorporates in this cause of action each and every allegation of the

14  preceding paragraphs, with the same force and effect as though fully set forth herein.

15      49.      California Labor Code section 201.3 requires payment of wages to "temporary

16  services workers" "no less frequently than weekly, regardless of when the assignment ends," or

17  daily, if the worker's duties meet the criteria under section 201.3(b)(1)(B)(2). California Labor

18  Code section 204 requires payment wages for all other workers no less than twice during each

19  calendar month.

20      50.

21      51.      Defendant paid Class Members on a "Net-60" basis or no sooner than 60 days

22  following the completion of their temporary assignments.

23      52.      As a direct and proximate result of Defendant's willful conduct in failing to

24  timely pay the Plaintiff Class  for all hours worked, these affected putative Class Members are

25  entitled to recover penalties pursuant to California Labor Code §§ 210, 558, and 2698 *et seq.* in

26  an amount to be established at trial, together with interest thereon, and attorneys' fees and costs.

27      Wherefore, the Plaintiff prays for judgment as set forth below.

28

- 15 -

## FIFTH CAUSE OF ACTION
### FAILURE TO PAY WAGES UPON RESIGNATION AND TERMINATION
#### (California Labor Code § 203)

53.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

54.     During the Class Period, Defendant willfully failed and refused to pay the putative Class Members accrued wages and other compensation due immediately upon termination or within seventy-two (72) hours of resignation. Said non-payment was the direct and proximate result of a willful refusal to do so by the Defendant.

55.     More than thirty days have elapsed since Plaintiff and numerous putative Class Members were involuntarily terminated or voluntarily resigned from Defendant's employment.

56.     As a direct and proximate result of Defendant's willful conduct in failing to pay said putative Class Members for all hours worked, these affected workers are entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to California Labor Code § 203 in an amount to be established at trial, together with interest thereon, penalties under Labor Code § 558 and attorneys' fees and costs.

Wherefore, Plaintiff prays for judgment as set forth below.

## SIXTH CAUSE OF ACTION
### FAILURE TO REIMBURSE BUSINESS EXPENSES
#### (California Labor Code § 2802)

57.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

58.     California Labor Code section 2802 provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

59.     In the direct discharge of their duties as employees of Defendant,  Plaintiff and putative Class Members performed tasks and took actions for which they expended their personal funds, including but not limited to payment of a mandatory $50 "application fee" in order to be hired by PLANNERNET, parking fees, and use of personal cell phones for business

- 16 -

Formatted: Font: 10 pt

1  related communications at events. For example, on April 3-5 2016, Plaintiff incurred parking

2  fees of up to $20 per day, and was told to use her cell phone to text PLANNERNET employees

3  with any issues that came up at the event. Thisose steps and actions were was performed in the

4  course and scope of theirher employment with Defendant.

5         60.    Defendant has to date not paid any of Plaintiff's expenditures in the course and

6  scope of hertheir employment with Defendant. Plaintiff is informed and believes, and thereupon

7  alleges, that to date Defendant has not paid any of the expenses of Plaintiff Class.

8         61.    As a legal result of the aforementioned violations, Plaintiff and putative Class

9  Members suffered harm and are entitled to recover their necessary expenditures or losses, costs

10  of suit, and reasonable attorneys' fees, all in an amount to be determined at trial.

11                              **SEVENTH CAUSE OF ACTION**
12         **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
                         **(California Labor Code §§ 226, 1174)**
13

14         62.    Plaintiff incorporates in this cause of action each and every allegation of the

15  preceding paragraphs, with the same force and effect as though fully set forth herein.

16         63.    Defendant has failed to provide timely, accurate itemized wage statements to the

17  Plaintiff and putative Class Members in accordance with California Labor Code §§ 226 and

18  1174. Plaintiff is informed and believes and, on that basis, alleges that the statements provided

19  by Defendant do not accurately reflect the actual gross wages earned, net wages earned, or the

20  appropriate deductions of such putative Class Members.

21         64.    Plaintiff and putative Class Members suffered injury because Defendant failed to

22  provide accurate itemized wage statements that gave Class Members insufficient information to

23  accurately monitor the number of hours worked and challenge any payments received.

24  Consequently, Defendant is liable to Plaintiff and the putative Class Members s for penalties

25  provided by California Labor Code §226(e) in amounts to be determined at trial.

26         65.    Plaintiff seeks to recover actual damages, costs, and attorneys' fees under these

27  provisions on behalf of herself and on behalf of the Plaintiff Class.

28         Wherefore, Plaintiff prays for judgment as set forth below.

Formatted: Font: 10 pt

**EIGHTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION LAW**
**(California Business & Professions Code §§ 17200-17208)**

66.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

67.     California Business and Professions Code § 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

68.     Beginning at an exact date unknown to Plaintiff, but continuing during the Class Period, Defendant committed unlawful acts as defined by California Business and Professions Code § 17200. Defendant's unlawful and unfair business practices include, but are not necessarily limited to, violations of the requirements of California Labor Code §§ 201-204, 226, 226.3, 226.7, 402, 510, 512, 558, 1194, 1197, 1198, 2698-2699, et seq., 1770, *et. seq.*, 2926, 2927, 2802, and the applicable Wage Order.

69.     The knowing conduct of Defendant, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business and Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates herein.

70.     Defendant's knowing failure to adopt policies in accordance with, and/or to adhere to these laws, all of which are binding upon and burdensome on its competitors, such as staffing agencies that do comply with the law by paying overtime, engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as set forth in California Business and Professions Code § 17208.

71.     Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. As a direct and proximate result of the aforementioned acts,  Plaintiff and putative Class Members were injured and suffered the loss of money in the amount of, *inter alia*, unpaid wages that they were otherwise entitled to receive. Plaintiff and putative Class Members

- 18 -

Formatted: Font: 10 pt

1    are entitled to restitution pursuant to Business and Professions Code §§ 17203 and 17208 for all

2    wages unlawfully withheld from them as a result of Defendant's unlawful and unfair conduct.

3        72.    Plaintiff's success in this action will enforce important rights affecting the public

4    interest.  Plaintiff and the Plaintiff Class seek, and are entitled to, injunctive relief as well as all

5    other appropriate equitable remedies. Injunctive relief is necessary and appropriate to prevent

6    Defendant from repeating the wrongful business practices alleged herein.

7        Wherefore, Plaintiff prays for judgment as set forth below.

8
                                 **NINTH CAUSE OF ACTION**
9       **RECOVERY UNDER PRIVATE ATTORNEYS GENERAL ACT (PAGA)**
10                       **(California Labor Code § 2698, *et seq.*)**

11       73.    Plaintiff incorporates in this cause of action each and every allegation of the

12   preceding paragraphs, with the same force and effect as though fully set forth herein.

13       74.    Plaintiff, as an aggrieved employee, brings this claim pursuant to California

14   Labor Code §§ 2698-2699 on behalf of herself and all other current or former similarly

15   aggrieved Plannernet employees in California at any time for which recovery is authorized under

16   Labor Code §§ 2698-2699, *et seq.* Pursuant to California Labor Code § 2699.3, On October 21,

17   2016, Plaintiff Champagne, by and through her counsel, filed online and sent notice by certified

18   mail to the Labor and Workforce Development Agency (LWDA) and Defendants of the specific

19   provisions of the Labor Code that have been violated ("PAGA Notice"), including the facts and

20   theories to support the violations. The LWDA has not responded to Plaintiff's PAGA Notice as

21   of the date of this Complaint.  Plaintiff thus has complied with the PAGA notice requirement.

22       75.    As alleged above, Defendant has violated the provisions of the California Labor

23   Code, specifically the failure to pay overtime, provide meal and rest periods, reimburse business

24   expenses, timely pay owed wages for all hours worked, and provide accurate itemized wage

25   statements. Plaintiff seeks recovery of unpaid wages and penalties resulting from said violations

26   on behalf of herself and all other similarly aggrieved Plannernet employees in California at any

27   time for which recovery is authorized under California Labor Code §§ 2698-2699.

28

                                        - 19 -

Formatted: Font: 10 pt

76.     Pursuant to California Labor Code § 2699,  Plaintiff is entitled to recover civil penalties for Defendant's violations of Labor Code sections 201, 201.3, 204, 210, 226, 226.3, 226.7, 402, 510, 512, 558, 1174, 1174.5, 1194, 1198, and 2802.

77.      Plaintiff requests an award of attorneys' fees and costs, including as authorized under California Labor Code §2699.

Wherefore, Plaintiff prays for judgment as set forth below.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, on behalf of herself and the proposed Plaintiff Class, prays for judgment and the following specific relief against Defendant as follows:

1.      That the Court declare, adjudge, and decree that this action is a proper class action and certify the proposed class and/or any appropriate subclasses under Federal Rule of Civil Procedure 23;

2.      That the Court declare, adjudge, and decree that Defendant violated the provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order(s) as to Plaintiff Class  as alleged herein;

3.      That the Court make an award to the Plaintiff Class of overtime premiums for all overtime hours worked by Class Members (pursuant to California Labor Code Sections 510 and 1194);

4.      That the Court make an award to the Plaintiff Class of the unpaid balance of all wages owed for hours worked (pursuant to California Labor Code §§ 201.3, 204, 218.6, 1194, 558);

5.      That the Court make an award to the Plaintiff Class of penalties for failure to timely pay owed wages, pursuant to California Labor Code §§ 201.3, 204, and 210;

6.      That the Court make an award to the Plaintiff Class of one hour of pay at each employee's regular rate of compensation for each workday on which a meal period(s) was not provided (pursuant to California Labor Code § 226.7);

- 20 -

Formatted: Font: 10 pt

1    7.    That the Court make an award to the Plaintiff Class of one hour of pay at each

2    employee's regular rate of compensation for each workday on which a rest period(s) was not

3    provided (pursuant to California Labor Code § 226.7);

4    8.    That the Court make an award to the Plaintiff Class of "waiting time" penalties

5    (pursuant to California Labor Code § 203);

6    9.    That the Court make an award to the Plaintiff Class for failure to provide accurate

7    wage statements (pursuant to Labor Code § 226);

8    10.    That the Court make an award to the Plaintiff Class of penalties, pursuant to

9    California Labor Code §§ 2926-2927;

10    11.    That the Court make an award to the Plaintiff Class of liquidated damages,

11    pursuant to California Labor Code § 1194.2;

12    12.    That the Court order Defendants to pay restitution to the Plaintiff Class, pursuant

13    to California Business and Professions Code §§ 17200-17208;

14    13.    That the Court enjoin Defendant, ordering them to cease and desist from unlawful

15    activities in violation of California Business and Professions Code § 17200, *et seq.*;

16    14.    That the Court order Defendant to pay penalties pursuant to the Private Attorneys

17    General Act, California Labor Code §§ 2698-2699, *et seq.* and its associated Labor Code

18    statutes;

19    15.    For all other Orders, findings and determinations identified and sought in this

20    Complaint;

21    16.    For interest on the amount of any and all economic losses, at the prevailing legal

22    rate;

23    17.    For reasonable attorneys' fees, pursuant to California Labor Code §§ 218.5, 1194,

24    2699 *et. seq.* and/or California Code of Civil Procedure §1021.5; and;

25    18.    For costs of suit and any and all such other relief as the Court deems just and

26    proper.

Formatted: Font: 10 pt

1

2   Dated: FebruaryNovember ___, 20198        Respectfully submitted,

3

4                                 By:     _____

5                                        Ramsey Hanafi
                                         QUINTANA HANAFI, LLP
6
                                         Counsel for Plaintiff and the Class
7                                        Putative Class

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Formatted: Font: 10 pt

- 22 -

*Champagne v. Plannernet, Inc.*, Northern District of California Case No. 4:17-cv-02128-SK
CLASS ACTION FIRST AMENDED COMPLAINT