UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA CHAMPAGNE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PLANNERNET, INC.,<br><br>　　　　Defendant. | Case No. 17-cv-02128-SK<br><br>**NOTICE OF QUESTIONS FOR HEARING ON MOTION FOR PRELIMINARY APPROVAL**<br><br>Regarding Docket No. 72 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS REGARDING THE MOTION FOR PRELIMINARY APPROVAL ON April 8, 2019 at 9:30 A.M.  The parties shall be prepared to address the following questions orally.  The Court has reviewed the parties' briefs and the parties shall not repeat the arguments set forth therein.  The Court will not accept written answers to these questions.  If any party intends to rely on authorities not previously cited to the Court, that party is ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance and to make copies available on Monday.

1. Plaintiff Linda Champagne ("Plaintiff") states that the proposed settlement provides class members with all of their actual damages and nine percent of their statutory penalties.

    a. Plaintiff argued that class members were entitled to reimbursements for their work-related expenses, but the proposed settlement does not appear to include any recovery for incurred expenses.  Is there a reason such expenses were not included in the settlement calculations?

    b. Defendant Plannernet, Inc. ("Plannernet") argued in opposition to Plaintiff's motion for class certification that most Meeting Managers are paid on a

             fixed-fee basis and thus do not have any records of hours they worked. If so, how did Plaintiff calculate overtime wages or compensation for any missed meal or rest breaks?

    c. What is the standard for a plaintiff to recover statutory penalties? Would class members need to demonstrate willfulness by Plannernet?

    d. Why does the proposed settlement limit recovery to only nine percent of maximum statutory penalties? Is that amount fair and reasonable?

2. Under the proposed settlement, class members would receive half of the award within a month and a half after the settlement is approved, but they would not receive the second half until one year later.

    a. What is the justification for waiting a year to provide full payment to the class members?

    b. It appears as though Plaintiff would receive the full amount of any incentive payment in the first installment and her attorneys would receive their payment through the second installment of the settlement amount. (Dkt. 72-2, ¶ 8.) Is that accurate? If so, why is it fair for Plaintiff to receive the full amount of any incentive payment before other class members receive their full pro rata share of the settlement funds?

    c. Is there reason to doubt Plannernet's ability to make either the initial payment or the second payment in a year?

3. In the proposed Class Notice, there is a section advising class members on how their pro rata share of the settlement was determined and how they could object.

    a. The Court finds that the description is difficult to understand. Does the calculation include payments for work-related expenses? If not, this should be clearly stated in the notice.

    b. What documentation should class members provide to dispute their pro rata share? Again, this should be clearly stated in the notice.

    c. If class members demonstrate that they are entitled to a greater pro rata

share, would Plannernet increase the settlement amount, would other class members receive less, or would other proposed payments, such as attorneys' fees, be reduced?

4. On the website providing more information to class members, will the pleadings and other Court filings from this case be included? If not, why not?

5. Have the parties already, or do they intend to, check the validity of the addresses before the administrator mails out the notices to class members?

6. The proposed settlement provides class members sixty days from the date the notices are mailed to object or opt-out. However, if some addresses are incorrect and notices are returned, class members would receive less actual notice. Would the parties be amenable to extending the deadline to submit objections to the settlement, to dispute class members' pro rata share, or to request to be excluded from sixty to ninety days?

7. If a notice is returned as non-deliverable, what is the Settlement Administrators' deadline to determine an accurate address and resend the notice?

8. Since the Court previously certified the class, the parties have agreed to expand it to include all Meeting Managers and not just those who worked at events with fifty or more attendees.

   a. Why did Plaintiff originally limit her proposed class to those who worked at events with fifty or more attendees?

   b. Does the change to include all Meeting Managers, regardless of the size of the event, affect the Court's prior class certification analysis?

   c. Does the change affect the analysis in determining the employment versus independent contractor status based on class members' level of control? In other words, would class members who worked at smaller events likely have less control than class members who worked at larger events?

9. Has Plannernet provide notices to the appropriate state and federal officials in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715?  If not, by when does Plannernet intend to provide these notices?

10. What deadlines do the parties propose for filing a motion for final approval and for filing a motion for attorneys' fees?

11. The Court notes that twenty-five percent of a common fund is considered the "benchmark" for a reasonable fee award.  *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 942 (9th Cir. 2011).  If the Court awards Plaintiff's attorneys less than their proposed thirty percent of the gross settlement amount, who will receive the difference?  Will Plannernet keep the difference or will it be divided on a pro rata share among the class members?

**IT IS SO ORDERED**.

Dated: April 4, 2019



SALLIE KIM
United States Magistrate Judge

4