# EXHIBIT A

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA
*Champagne v. Plannernet, Inc.,* case number 3:17-cv-02128-SK

**NOTICE OF CLASS ACTION SETTLEMENT**

***The Court authorized this notice. This is not a solicitation from a lawyer.***

**If you provided services to one or more clients of PLANNERNET, INC. at any time from April 17, 2013 to April 22, 2019, you could receive a payment from a proposed class action settlement.**

- A proposed class action settlement ("Settlement") has been reached in this case that resolves a lawsuit alleging that Defendant Plannernet, Inc. violated California employment laws.

- Defendant denies that it has done anything wrong and argues that it has complied with all laws. Defendant entered into this Settlement only to resolve this lawsuit.

- This Settlement is not a concession or admission by Plannernet with respect to any claim for fault, liability, or omission.

- The Court handling this case has preliminarily approved the Settlement. However, payments will be made only if the Court grants final approval of the Settlement.

- IF YOU HAVE ANY QUESTIONS AFTER READING THIS NOTICE, PLEASE CALL ATTORNEY RAMSEY HANAFI at (415) 504-3121 and indicate that you are calling about the Plannernet case.

| 1. | If I decide to participate and want to receive the most money, what must I do? |
|---|---|

**You do not have to do anything to receive payment.** The settlement of classwide claims under California laws automatically includes participants unless they affirmatively "opt out." You do not have to file a claim form to receive payment.

| 2. | Why did I get this Notice of Class Action Settlement ("Notice")? |
|---|---|

**Plannernet's records show that you provided services to one or more clients of Plannernet at some time from April 17, 2013 to April 22, 2019, as a Supplier or Meeting Manager**. The lawsuit in the United States District Court, for the Northern District of California, is known as *Champagne v. Plannernet, Inc.,* case number 3:17-cv-02128-SK. Linda Champagne is the "Plaintiff." The company she sued, Plannernet Inc., is the "Defendant." The judge assigned to oversee this action is the Honorable Sallie Kim (the "Court").

The claims are brought as a class action. In this case, the Plaintiff is the "Class Representative" who filed this class action on behalf of herself and other suppliers or meeting managers who have similar claims. All of these suppliers or meeting managers together are a "Class" or "Class Members." The Court will resolve the issues for all Class Members, except for those who exclude themselves from the Class.

## 3.  Who is in the Settlement Class?

The Settlement Class is defined as follows:

> All persons who performed onsite event services through the Plannernet platform for Plannernet's clients  in California at any time from April 17, 2013 through **April 22, 2019**, and who do not properly and timely opt out of the Settlement Class by requesting exclusion.

## 4.  What are the claims in this lawsuit?

The claims allege that Defendant misclassified Suppliers or Meeting Managers as independent contractors instead of employees. As a result, Plaintiff alleges that Defendant failed to pay overtime compensation and regular wages; failed to provide adequate meal periods and rest breaks; failed to reimburse suppliers or meeting managers for work-related expenses; and violated other laws related to the alleged misclassification of Suppliers or Meeting Managers. Plaintiffs also allege they are entitled to other damages and penalties.  Plannernet denies Plaintiff's claims in their entirety and maintains that it has complied with all laws.

## 5.  Why is there a Settlement?

After the parties exchanged extensive documents and information about this lawsuit, both sides agreed to the Settlement to avoid the cost and risk of further litigation. The Settlement does not mean that any law was broken. Defendant denies all of the legal claims in the case. The Class Representative and her lawyers think the Settlement is in the best interests of all Class Members.

## 6.  Will I suffer any adverse consequences resulting from the Settlement?

No you will not.  Your status with Plannernet will not be affected in any way regardless of your decision to participate, or not to participate, in this Settlement.  Plannernet will not retaliate against you based upon your decision to participate, or not to participate, in the Settlement.

### THE SETTLEMENT BENEFITS—WHAT YOU GET

## 7.  What does the Settlement provide?

Under the terms of the Settlement, Plannernet agrees to pay a total settlement amount of $440,000. The following amounts will be deducted from this total settlement fund if approved by the Court: Class attorney fees (not to exceed $132,000 or 30% of the total settlement amount); Class attorneys' actual costs as approved by the Court (not to exceed $7,900); an enhancement award to the Plaintiff for her service as the Class Representative (not to exceed $8,500); a Private Attorney General Act ("PAGA") payment in the amount of $7,500 to the California Labor and Workforce Development Agency; and the fees and expenses of the Settlement Administrator (approximately $15,000).

Subtracting the Court-awarded deductions from the total settlement amount will result in a "Net Settlement Fund" of approximately $269,100, which will be used for payments to those Class Members who participate in the Settlement. Defendants will fully fund the Settlement of $440,000 within approximately twelve months from the date of October 23, 2019.

**8.  How much money will I get if I participate in the Settlement?**

If you do not opt-out of the Settlement, you will be entitled to a payment of approximately **$<<estimated award>>** ("Settlement Payment"). This payment is based on (a) reimbursement of Plannernet's $50 application fee; (b) the number of events and length of events you worked at for Plannernet clients between April 17, 2013 and April 22, 2019 as a Supplier or Meeting Manager; and (c) whether you have an active contract with Plannernet.  The payment also includes a pro rata share of penalties which Plaintiff alleges you may have been entitled to receive.

Records provided by Plannernet indicate that as of April 22, 2019 you [have/do not have] an active contract with Plannernet.  Plannernet records used in calculating your settlement share indicate you provided on-site event services for the following numbers of events during the class period:

<<# of events <4 hours>>
<<# of events between 4-8 hours>>
<<#of events >8 hours>>

You may dispute the amount of your Settlement Payment, by a written dispute and any supporting papers, which must be mailed to the Settlement Administrator and postmarked no later than **[+90 days from mailing]**. **If you believe you worked more events than indicated above, please include records demonstrating that the total number of events you worked for any of the above categories.** Records should include event postings or notices of events showing the total hours required for the event, along with evidence that you worked at the event, such as copies of checks, invoices, post-event emails or surveys, or other pay records.

Plaintiff alleges that at these client events, class members: (1) were eligible for a meal period but were not provided with an adequate one; (2) were eligible for a rest break but were not provided with an adequate one; (3) were eligible for overtime pay, but were not paid at an overtime rate; and (4) were not reimbursed for their $50 application fee. Plannernet disputes these allegations.  As to business expenses, the Court did not certify for Class Settlement business expenses other than compensation for the $50 application fee, due to the difficulty of proving these expenses on a class basis.

If you wish to remain in the Class, you will receive a Settlement Payment. You will be provided with a "1099-Misc" tax form for the payment.

<u>**HOW TO GET A PAYMENT OR EXCLUDE YOURSELF FROM THIS LAWSUIT**</u>

**9.  How do I get a payment?**

**To receive a payment, you don't have to do anything.** You will give up your right to make claims against Defendant regarding its alleged misclassification of Suppliers and Meetings Managers as independent contractors and Defendant's alleged failure to pay overtime compensation and regular wages; alleged failure to provide adequate meal periods and rest breaks; alleged failure to reimburse suppliers or meeting managers for work-related expenses; alleged failure to provide proper itemized pay stubs; alleged failure to pay waiting-time penalties to former employees; and for alleged PAGA violations.

If you choose to opt out of the Settlement Class, you will not receive a payment from the Settlement, but you keep all your rights to sue Defendant. The only way for you to retain your rights to sue Defendant involving the same claims in this case is to mail a valid opt-out letter to the Settlement Administrator postmarked no later than [+**90 days from mailing**] (see Question #11).

| **10.  When will I get a payment?** |
| --- |

The Court will hold a Final Approval Hearing on September 23 at 9:30 am, and if the Settlement is approved by the Court, then the Settlement Payment will be sent to the address where you received this notice. If you would like to change the address where your Settlement Payment will be mailed, please contact the Settlement Administrator at:

> **Champagne v. Plannernet, Inc., Settlement Administrator,** CPT Group Class Action Administrators, **P.O. Box \*\*\*, Irvine, California, \*\*\*; Tel. 800-\*\*\*-\*\*\*\***

Checks will be mailed to participating settlement members if and after the Court grants "final approval" of the Settlement. If the Court approves the Settlement after the Final Approval Hearing, there may be appeals. If there are any appeals, resolving them could take some time, so please be patient. If there are no appeals and the Court grants "final approval" of the Settlement, your payment will be sent in two separate checks, which will be sent out approximately in the third week of October 2019 and October 2020. If you have questions regarding when checks will be mailed, please contact the Settlement Administrator (contact information above) or Class Counsel (see Question # 15).

| **11.  How do I exclude myself for the Settlement Class?** |
| --- |

If you do not want to participate in the claims in the Settlement, you may be excluded (that is, you may "opt out") by sending a timely letter in writing to the Settlement Administrator. The letter must contain your name, address and telephone number, and state that you do not wish to participate in the Settlement in the matter of Champagne v. Plannernet, Inc., Case No. 3:17-cv-02128-SK (called a "Request for Exclusion"). The Request for Exclusion must be signed, dated, mailed by First Class U.S. Mail, or the equivalent, and postmarked no later than [+**90 days from mailing**], to:

> **Champagne v. Plannernet, Inc., Settlement Administrator**, CPT Group Class Action Administrators, **P.O. Box \*\*\*, Irvine, California, \*\*\*; Tel. 800-\*\*\*-\*\*\*\***

The Court will exclude any settlement class member who sends a complete and timely Request for Exclusion as described in the paragraph above. Requests for Exclusion that do not include all the required information and/or that are not timely submitted will be deemed null, void, and ineffective. Any settlement class member who fails to submit a valid and timely Request for Exclusion on or before the above-specified deadline shall be bound by all terms of the Settlement, release and any Judgment entered in the Action if the Settlement receives final approval from the Court.

If you send a Request for Exclusion, you will not receive money for the claims.

| **12.  If I exclude myself, can I get anything from the Settlement for the claims?** |
| --- |

**No.** By electing to be excluded from the Settlement Class, (1) you will not receive the check generated by the Settlement for the claims, even if you would otherwise be entitled to it; (2) you will not be bound by any further order of judgments entered for or against the Settlement Class; (3) you will not have a right to object to the Settlement or be heard at any hearing scheduled for the Court's consideration of the Settlement; and (4) you may pursue any claims against Defendant that were included by Plaintiff in this case.

You must exclude yourself from the Settlement Class to start or continue your own lawsuit.

## OBJECTING TO THE SETTLEMENT

| **13.  How do I object to the Settlement?** |
| --- |

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing (see Question #17), either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (Champagne v. Plannernet, Inc., Case No. 3:17-cv-02128-SK), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before **[+90 days from mailing].**

| **14.  What's the difference between objecting and opting-out?** |
| --- |

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, or "opt-out," then you cannot object because the Settlement will no longer affect you. You will receive no money under the Settlement if you exclude yourself from the Settlement Class.

## THE LAWYERS IN THIS CASE

| **15.  Do I have a lawyer in this case?** |
| --- |

The following lawyers have been retained to serve as Class Counsel for the Settlement Class:

>Ramsey Hanafi
>QUINTANA HANAFI, LLP
>870 Market Street, Suite 1115
>Tel.: (415) 504-3121

info@qhplaw.com

Enrique Martínez
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Ste. 500
Oakland, CA 94621

## 16.  Who are the lawyers representing Plannernet, Inc.?

The following lawyers have been retained to represent Plannernet, Inc., in this case:

Travis M. Gemoets
Taylor N. Burras
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067

## THE COURT'S FINAL APPROVAL HEARING

## 17.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing to decide whether to approve the Settlement. The Final Approval Hearing will be on September 23, 2019, at 9:30 a.m. in Courtroom 15 at the United States District Court, Northern District of California, Phillip Burton Federal Building and United States Courthouse, which is located at 450 Golden Gate Avenue, 15th Floor, San Francisco, CA 94102. The Hearing may be moved to a different date and/or time without any notice. If you chose to attend the hearing, please check to confirm that the date and/or time has not been changed, at www.cptgroup.com/champagnevplannernet or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records ("PACER") system at https://ecf.cand.uscourts.gov.

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If you have filed a timely objection (see Question #13), the Court will consider it, and you may choose to speak at the hearing. The Court will also decide how much to pay Class Counsel for attorney fees. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

## 18.  Do I have to come to the hearing?

No. Class Counsel and Defendant's lawyers will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you have mailed your written objection on time, the Court will consider it. You may pay another lawyer at your own expense to attend the hearing and appear on your behalf, but it is not required.

## 19.  How do I get more information?

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, and to review the pleadings and applicable motion work in this matter, please visit www.cptgroup.com/champagnevplannernet, or call Class Counsel at (415) 504-3121. You may also access the Court docket in this case, for a fee, through the Court's PACER system at https://ecf.cand.uscourts.gov; or visit the office of the Clerk of the Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT CONTACT THE COURT, THE COURT CLERK'S OFFICE, OR DEFENDANT TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

EXHIBIT B

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA
*Champagne v. Plannernet, Inc.,* case number 3:17-cv-02128-SK

**NOTICE OF CLASS ACTION SETTLEMENT**

***The Court authorized this notice. This is not a solicitation from a lawyer.***

**If you provided services to one or more clients of PLANNERNET, INC. at any time from April 17, 2013 to April 22, 2019, you could receive a payment from a proposed class action settlement.**

- A proposed class action settlement ("Settlement") has been reached in this case that resolves a lawsuit alleging that Defendant Plannernet, Inc. violated California employment laws.

- Defendant denies that it has done anything wrong and argues that it has complied with all laws. Defendant entered into this Settlement only to resolve this lawsuit.

- This Settlement is not a concession or admission by Plannernet with respect to any claim for fault, liability, or omission.

- The Court handling this case has preliminarily approved the Settlement. However, payments will be made only if the Court grants final approval of the Settlement.

- IF YOU HAVE ANY QUESTIONS AFTER READING THIS NOTICE, PLEASE CALL ATTORNEY RAMSEY HANAFI at (415) 504-3121 and indicate that you are calling about the Plannernet case.

| **1. If I decide to participate and want to receive the most money, what must I do?** |
|---|

**You do not have to do anything to receive payment.** The settlement of classwide claims under California laws automatically includes participants unless they affirmatively "opt out." You do not have to file a claim form to receive payment.

| **2. Why did I get this Notice of Class Action Settlement ("Notice")?** |
|---|

**Plannernet's records show that you provided services to one or more clients of Plannernet at some time from April 17, 2013 to April 22, 2019, as a Supplier or Meeting Manager**. The lawsuit in the United States District Court, for the Northern District of California, is known as *Champagne v. Plannernet, Inc.,* case number 3:17-cv-02128-SK. Linda Champagne is the "Plaintiff." The company she sued, Plannernet Inc., is the "Defendant." The judge assigned to oversee this action is the Honorable Sallie Kim (the "Court").

The claims are brought as a class action. In this case, the Plaintiff is the "Class Representative" who filed this class action on behalf of herself and other suppliers or meeting managers who have similar claims. All of these suppliers or meeting managers together are a "Class" or "Class Members." The Court will resolve the issues for all Class Members, except for those who exclude themselves from the Class.

1

**3.  Who is in the Settlement Class?**

The Settlement Class is defined as follows:

> All persons who performed onsite event services through the Plannernet platform for Plannernet's clients  in California at any time from April 17, 2013 through **April 22, 2019,** and who do not properly and timely opt out of the Settlement Class by requesting exclusion.

**4.  What are the claims in this lawsuit?**

The claims allege that Defendant misclassified Suppliers or Meeting Managers as independent contractors instead of employees. As a result, Plaintiff alleges that Defendant failed to pay overtime compensation and regular wages; failed to provide adequate meal periods and rest breaks; failed to reimburse suppliers or meeting managers for work-related expenses; and violated other laws related to the alleged misclassification of Suppliers or Meeting Managers. Plaintiffs also allege they are entitled to other damages and penalties.  Plannernet denies Plaintiff's claims in their entirety and maintains that it has complied with all laws.

**5.  Why is there a Settlement?**

After the parties exchanged extensive documents and information about this lawsuit, both sides agreed to the Settlement to avoid the cost and risk of further litigation. The Settlement does not mean that any law was broken. Defendant denies all of the legal claims in the case. The Class Representative and her lawyers think the Settlement is in the best interests of all Class Members.

**6.  Will I suffer any adverse consequences resulting from the Settlement?**

No you will not.  Your status with Plannernet will not be affected in any way regardless of your decision to participate, or not to participate, in this Settlement.  Plannernet will not retaliate against you based upon your decision to participate, or not to participate, in the Settlement.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

**7.  What does the Settlement provide?**

Under the terms of the Settlement, Plannernet agrees to pay a total settlement amount of $440,000. The following amounts will be deducted from this total settlement fund if approved by the Court: Class attorney fees (not to exceed $132,000 or 30% of the total settlement amount); Class attorneys' actual costs as approved by the Court (not to exceed $7,900); an enhancement award to the Plaintiff for her service as the Class Representative (not to exceed $8,500); a Private Attorney General Act ("PAGA") payment in the amount of $7,500 to the California Labor and Workforce Development Agency; and the fees and expenses of the Settlement Administrator (approximately $15,000).

Subtracting the Court-awarded deductions from the total settlement amount will result in a "Net Settlement Fund" of approximately $269,100, which will be used for payments to those Class Members who participate in the Settlement. Defendants will fully fund the Settlement of $440,000 within approximately twelve months from the date of October 23, 2019.

### 8.  How much money will I get if I participate in the Settlement?

If you do not opt-out of the Settlement, you will be entitled to a payment of approximately **$<<estimated award>>** ("Settlement Payment"). This payment is based on (a) reimbursement of Plannernet's $50 application fee; (b) the number of events and length of events you worked at for Plannernet clients between April 17, 2013 and April 22, 2019 as a Supplier or Meeting Manager; and (c) whether you have an active contract with Plannernet.  The payment also includes a pro rata share of penalties which Plaintiff alleges you may have been entitled to receive.

Records provided by Plannernet indicate that as of April 22, 2019 you [have/do not have] an active contract with Plannernet.  Plannernet records used in calculating your settlement share indicate you provided on-site event services for the following numbers of events during the class period:

<<# of events <4 hours>>
<<# of events between 4-8 hours>>
<<#of events >8 hours>>

You may dispute the amount of your Settlement Payment, by a written dispute and any supporting papers, which must be mailed to the Settlement Administrator and postmarked no later than **[+90 days from mailing]**. **If you believe you worked more events than indicated above, please include records demonstrating that the total number of events you worked for any of the above categories.** Records should include event postings or notices of events showing the total hours required for the event, along with evidence that you worked at the event, such as copies of checks, invoices, post-event emails or surveys, or other pay records.

Plaintiff alleges that at these client events, class members: (1) were eligible for a meal period but were not provided with an adequate one; (2) were eligible for a rest break but were not provided with an adequate one; (3) were eligible for overtime pay, but were not paid at an overtime rate; and (4) were not reimbursed for their $50 application fee. Plannernet disputes these allegations.  As to business expenses, the Court did not certify for Class Settlement business expenses other than compensation for the $50 application fee, due to the difficulty of proving these expenses on a class basis.

If you wish to remain in the Class, you will receive a Settlement Payment. You will be provided with a "1099-Misc" tax form for the payment.

## HOW TO GET A PAYMENT OR EXCLUDE YOURSELF FROM THIS LAWSUIT

### 9.  How do I get a payment?

**To receive a payment, you don't have to do anything.** You will give up your right to make claims against Defendant regarding its alleged misclassification of Suppliers and Meetings Managers as independent contractors and Defendant's alleged failure to pay overtime compensation and regular wages; alleged failure to provide adequate meal periods and rest breaks; alleged failure to reimburse suppliers or meeting managers for work-related expenses; alleged failure to provide proper itemized pay stubs; alleged failure to pay waiting-time penalties to former employees; and for alleged PAGA violations.

If you choose to opt out of the Settlement Class, you will not receive a payment from the Settlement, but you keep all your rights to sue Defendant. The only way for you to retain your rights to sue Defendant involving the same claims in this case is to mail a valid opt-out letter to the Settlement Administrator postmarked no later than **[+90 days from mailing]** (see Question #11).

## 10.  When will I get a payment?

The Court will hold a Final Approval Hearing on September 23 at 9:30 am, and if the Settlement is approved by the Court, then the Settlement Payment will be sent to the address where you received this notice. If you would like to change the address where your Settlement Payment will be mailed, please contact the Settlement Administrator at:

> **Champagne v. Plannernet, Inc., Settlement Administrator,** CPT Group Class Action Administrators, **P.O. Box ***, Irvine, California, ***; Tel. 800-***-****

Checks will be mailed to participating settlement members if and after the Court grants "final approval" of the Settlement. If the Court approves the Settlement after the Final Approval Hearing, there may be appeals. If there are any appeals, resolving them could take some time, so please be patient. If there are no appeals and the Court grants "final approval" of the Settlement, your payment will be sent in two separate checks, which will be sent out approximately in the third week of October 2019 and October 2020. If you have questions regarding when checks will be mailed, please contact the Settlement Administrator (contact information above) or Class Counsel (see Question # 15).

## 11.  How do I exclude myself for the Settlement Class?

If you do not want to participate in the claims in the Settlement, you may be excluded (that is, you may "opt out") by sending a timely letter in writing to the Settlement Administrator. The letter must contain your name, address and telephone number, and state that you do not wish to participate in the Settlement in the matter of Champagne v. Plannernet, Inc., Case No. 3:17-cv-02128-SK (called a "Request for Exclusion"). The Request for Exclusion must be signed, dated, mailed by First Class U.S. Mail, or the equivalent, and postmarked no later than **[+90 days from mailing]**, to:

> **Champagne v. Plannernet, Inc., Settlement Administrator**, CPT Group Class Action Administrators, **P.O. Box ***, Irvine, California, ***; Tel. 800-***-****

The Court will exclude any settlement class member who sends a complete and timely Request for Exclusion as described in the paragraph above. Requests for Exclusion that do not include all the required information and/or that are not timely submitted will be deemed null, void, and ineffective. Any settlement class member who fails to submit a valid and timely Request for Exclusion on or before the above-specified deadline shall be bound by all terms of the Settlement, release and any Judgment entered in the Action if the Settlement receives final approval from the Court.

If you send a Request for Exclusion, you will not receive money for the claims.

## 12.  If I exclude myself, can I get anything from the Settlement for the claims?

**No.** By electing to be excluded from the Settlement Class, (1) you will not receive the check generated by the Settlement for the claims, even if you would otherwise be entitled to it; (2) you will not be bound by any further order of judgments entered for or against the Settlement Class; (3) you will not have a right to object to the Settlement or be heard at any hearing scheduled for the Court's consideration of the Settlement; and (4) you may pursue any claims against Defendant that were included by Plaintiff in this case.

You must exclude yourself from the Settlement Class to start or continue your own lawsuit.

## OBJECTING TO THE SETTLEMENT

| **13. How do I object to the Settlement?** |
| --- |

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing (see Question #17), either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (Champagne v. Plannernet, Inc., Case No. 3:17-cv-02128-SK), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before **[+90 days from mailing].**

| **14. What's the difference between objecting and opting-out?** |
| --- |

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, or "opt-out," then you cannot object because the Settlement will no longer affect you. You will receive no money under the Settlement if you exclude yourself from the Settlement Class.

## THE LAWYERS IN THIS CASE

| **15. Do I have a lawyer in this case?** |
| --- |

The following lawyers have been retained to serve as Class Counsel for the Settlement Class:

> Ramsey Hanafi
> QUINTANA HANAFI, LLP
> 870 Market Street, Suite 1115
> Tel.: (415) 504-3121

info@qhplaw.com

Enrique Martínez
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Ste. 500
Oakland, CA 94621

| **16. Who are the lawyers representing Plannernet, Inc.?** |
| --- |

The following lawyers have been retained to represent Plannernet, Inc., in this case:

Travis M. Gemoets
Taylor N. Burras
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067

## THE COURT'S FINAL APPROVAL HEARING

| **17. When and where will the Court decide whether to approve the Settlement?** |
| --- |

The Court will hold a Final Approval Hearing to decide whether to approve the Settlement. The Final Approval Hearing will be on September 23, 2019, at 9:30 a.m. in Courtroom 15 at the United States District Court, Northern District of California, Phillip Burton Federal Building and United States Courthouse, which is located at 450 Golden Gate Avenue, 15th Floor, San Francisco, CA 94102. The Hearing may be moved to a different date and/or time without any notice. If you chose to attend the hearing, please check to confirm that the date and/or time has not been changed, at www.cptgroup.com/champagnevplannernet or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records ("PACER") system at https://ecf.cand.uscourts.gov.

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If you have filed a timely objection (see Question #13), the Court will consider it, and you may choose to speak at the hearing. The Court will also decide how much to pay Class Counsel for attorney fees. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

| **18. Do I have to come to the hearing?** |
| --- |

No. Class Counsel and Defendant's lawyers will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you have mailed your written objection on time, the Court will consider it. You may pay another lawyer at your own expense to attend the hearing and appear on your behalf, but it is not required.

**19. How do I get more information?**

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, and to review the pleadings and applicable motion work in this matter, please visit www.cptgroup.com/champagnevplannernet, or call Class Counsel at (415) 504-3121. You may also access the Court docket in this case, for a fee, through the Court's PACER system at https://ecf.cand.uscourts.gov; or visit the office of the Clerk of the Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT CONTACT THE COURT, THE COURT CLERK'S OFFICE, OR DEFENDANT TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

EXHIBIT C

John E. Hill, State Bar #45338
Enrique Martínez, State Bar #206884
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Ste. 500
Oakland, CA 94621
Telephone: (510) 588-1000
Facsimile: (510) 632-1445
enriquemartinez@hill-law-offices.com

Ramsey Hanafi, State Bar #262515
QUINTANA HANAFI, LLP
870 Market Street, Suite 1115
San Francisco, CA 94102
Tel.: (415) 504-3121
Fax: (415) 233-8770
info@qhplaw.com

*Attorneys for Plaintiff & Class*

Travis M. Gemoets, State Bar #174365
Taylor N. Burras, State Bar #279744
JEFFER, MANGELS, BUTLER & MITCHELL, LLP
1900 Avenue of The Stars, Floor 7
Los Angeles, CA 90067
Tel.: (310) 785-5387
Fax: (310) 712-3387

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA CHAMPAGNE, on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>PLANNERNET, INC., a North Carolina Corporation,<br><br>        Defendant. | Case No.: 4:17-cv-02128-SK<br><br>**CLASS ACTION**<br><br>**JOINT STIPULATION FOR REPRESENTATIVE ACTION AND CLASS ACTION SETTLEMENT** |

Plaintiff Linda Champagne ("Plaintiff") and Plannernet, Inc. ("Defendant" and/or "Plannernet") (collectively the "Parties"), hereby submit this Joint Stipulation for Representative Action and Class Action Settlement ("Stipulation" or "Agreement") to the Court for its consideration.  It is filed in conjunction with Plaintiff's Motion for Preliminary Approval of Representative Action and Class Action Settlement which Plannernet does not oppose.

## STIPULATION AND SETTLEMENT AGREEMENT
## OF CLASS ACTION CLAIMS

This Stipulation is made by the Named Plaintiff on behalf of herself and each member of the "Class" as defined herein, on the one hand, and Defendant Plannernet, on the other hand, in the above-captioned action ("Class Action" or "Action") pending in the United States District Court, Northern District of California, and subject to the approval of the Court.  The Settlement Class is comprised of all persons who worked for Defendant Plannernet as suppliers or meeting managers and supported Defendant's onsite client events in California at any time from April 17, 2013 through the date of the preliminary approval order, and who do not properly and timely opt out of the Settlement Class by requesting exclusion.

I.     **Procedural History.**

Plaintiff filed her Complaint as a putative class action (under F.R.C.P. 23) and representative action under Private Attorneys General Act, Cal. Labor Code § 2698, et seq. ("PAGA") against Defendant on behalf of herself, and all similarly situated suppliers of Plannernet.

On October 21, 2016, pursuant to Labor Code section 2698, et seq., Plaintiff served online, upon the California Labor and Workforce Development Agency ("LWDA") and via U.S. Certified Mail on Plannernet with her notification letter for wage and hour violations and penalties. More than 65 days passed since Plaintiff served notice to the LWDA and Plannernet, and the LWDA did not provide notice of its intent to investigate Plaintiff's claims. Therefore, Plaintiff exhausted her obligation to provide administrative notice and sought penalties on behalf of herself and others who she alleges are current and former California employees of Defendant.

On April 17, 2017, Plaintiff filed her Complaint in the above captioned court.

On May 16, 2017, Defendant served its answer to Plaintiff's Complaint.

Defendant is represented by Travis M. Gemoets and Taylor Burras of the law firm Jeffer Mangels Butler & Mitchell LLP.

**II.      Investigation in the Action.**

The Parties have conducted significant investigation of the facts and law during the prosecution of this Action.  Such investigation has included, *inter alia*, the exchange of both formal and informal written discovery and several thousand pages of documents.  Class Counsel has further investigated the applicable law as applied to the facts discovered regarding the alleged claims, damages, and potential defenses thereto.  In pertinent part, the investigation has yielded the following:  Plaintiff generally alleges that Class Members have suffered damages; that Plannernet misclassified Class Members as independent contractors, that Plannernet did not pay Class Members all wages owed to them; that Plannernet did not pay the Class Members all overtime premiums owed; that Plannernet did not pay the Class Members all premium wages for meal and rest period violations; that Plannernet did not provide legally compliant accurate itemized wage statements; that Plannernet owes wages, penalties, liquidated damages, waiting time penalties, interest, attorneys' fees or other damages of any kind based on a failure to fully or timely compensate Class Members for all hours worked at any time on or before the last day of the Class Period while working for Plannernet (whether based on contract, the California Wage Orders, or the wage and hour laws which would be applicable to any one or more of the Class Members' employment with Released Parties during the Class Period, or otherwise); that Plannernet engaged in alleged unlawful, unfair and/or fraudulent business practices under California and Business and Professions Code 17200 *et seq.*; that Plannernet violated the Labor Code Private Attorney General's Act of 2004 ("the PAGA Claim") and that Class Members were harmed by the conduct alleged in the Action.  Thus, Plaintiff, on behalf of herself and other Class Members, demands various amounts for wages, penalties, interest, costs, attorneys' fees, and other damages.

Based upon a thorough review of the law and facts of this case, Plannernet contends that there is no basis for damages, attorneys' fees, liquidated damages, waiting time penalties, and/or

any other penalties to be assessed against it pursuant to California state law because Class Plaintiffs were at all times properly classified as independent contractors.  As such, all amounts properly owed to the Class Members were timely paid to them, and Plannernet disputes that Class Members were owed any overtime.  Plannernet denies that it failed to pay meal period or rest period premium wages at the regular rate under applicable law, including the legal precedent of *Brinker Restaurant Corp. v. Superior Court,* 53 Cal.4th 1004 (2012).  Plannernet denies that it did not provide legally compliant accurate itemized wage statements, that it did not properly pay all wages to Class Members upon their separation from their engagement with Plannernet, and that it owed or owes wages, penalties, interest, attorneys' fees or other damages related only to the underlying PAGA claims during the Class Period.  Nevertheless, given the risks inherent in litigation and in the spirit of compromise, Plaintiff and Class Members hereby agree to compromise all claims and forego any and all claims for liquidated damages and/or penalties against Plannernet pursuant to applicable law, including but not limited to the California Labor Code and California Wage Orders, and the applicable laws of any other state, in return for payments made pursuant to this Stipulation.

**III.     Benefits of Settlement to Class Members.**

Plaintiff recognizes the expense and length of continued proceedings necessary to continue the litigation against Plannernet through trial and through any possible appeals.  Plaintiff has also taken into account the uncertainty and risk of further litigation, and the difficulties and delays inherent in such litigation.  Plaintiff is also aware of the burdens of proof necessary to establish liability for the claims asserted in the Action, Defendant's defenses thereto, and the difficulties in establishing damages for the Plaintiff and the Class.  Plaintiff has also taken into account the settlement negotiations to date and a lengthy mediation commencing on January 30, 2018 before the Hon. Ernest H. Goldsmith (Ret.), an expert mediator of class actions, representative actions, and collective actions, especially those in the wage and hour arena such as the Action and the fact that the Settlement is the product of a mediator's proposal.  Based on the foregoing, Plaintiff has determined that the Settlement set forth in this Agreement is a fair, adequate and reasonable settlement, and is in the best interests of the Class Members.

### IV. __Plannernet's Reasons for Settlement__.

Plannernet has concluded that further defense of this litigation would be protracted and expensive for all Parties. Substantial amounts of time, energy and resources of Plannernet have been and, unless this Settlement is made, will continue to be devoted to the defense of the claims asserted by Plaintiff. Plannernet has also assessed the risk of a finding of liability against it, and has taken into account the settlement negotiations to date. Plannernet has, therefore, agreed to settle in the manner and upon the terms set forth in this Agreement to put to rest the Claims as set forth in the Action.

### V. __Plannernet's Denials of Wrongdoing__.

Plannernet has denied and continues to deny each of the claims and contentions alleged by Plaintiff in the Action. Plannernet has repeatedly asserted and continues to assert defenses thereto and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action. Plannernet also has denied and continues to deny, *inter alia*, that Plaintiff and the Class Members have suffered damages; that Plannernet improperly classified Plaintiff and the Class Members as independent contractors; that Plannernet did not pay Plaintiff and the Class Members all wages owed to them; that Plannernet did not pay the Plaintiff and the Class Members all overtime premiums owed; that Plannernet did not pay the Plaintiff and the Class Members all premium wages for missed meal and rest period violations at the proper rate of pay or at all; that Plannernet did not provide legally compliant accurate itemized wage statements; that Plannernet owes wages, penalties, liquidated damages, waiting time penalties, interest, attorneys' fees or other damages of any kind based on a failure to fully or timely compensate Plaintiff and the Class Members for all hours worked at any time on or before the last day of the Class Period while working for Plannernet (whether based on contract, the FLSA, the California Wage Orders, or the wage and hour laws which would be applicable to any Class Member's employment with Released Parties during the Class Period, or otherwise); that Plannernet engaged in alleged unlawful, unfair and/or fraudulent business practices under California and Business and Professions Code 17200 *et seq.*; that Plannernet violated the Labor Code Private

Attorneys General Act of 2004 and that Plaintiff and the Class Members were harmed by the conduct alleged in the Action.

**VI.      Class Claims.**

Plaintiff, on behalf of herself and all Class Plaintiffs, has claimed and continues to claim that the Released Claims (as defined below) have merit and give rise to liability on the part of Plannernet.  Neither this Agreement nor any documents referred to herein, nor any action taken to carry out this Agreement, will be construed or used as an admission by or against any Party (Defendant, Plaintiff, counsel, or Released Parties as defined below) as to the merits or lack thereof of the claims asserted except as to the Released Claims of the Class Members.

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among Plaintiff, on behalf of herself and the Class Members on the one hand, and Plannernet on the other hand, and subject to the approval of the Court, that the Class Action is hereby being compromised and settled pursuant to the terms and conditions set forth in this Agreement upon the Effective Date (as defined below), subject to the recitals set forth herein above, which by this reference become an integral part of this Agreement, and subject to the following terms and conditions:

1.      **Definitions:**

(a)      **"Class Plaintiffs"** is defined as all persons who worked for Defendant Plannernet as suppliers or meeting managers and supported Defendant's onsite client events in California at any time from April 17, 2013 through the date of the preliminary approval order, and who do not properly and timely opt out of the Settlement Class by requesting exclusion.

(b)      **"Action" or "Class Action"** refers to the action entitled *LINDA CHAMPAGNE, on behalf of herself and all others similarly situated, Plaintiffs, vs. PLANNERNET, INC., a North Carolina Corporation,* Defendant, United States District Court for the Northern District of California, Case No.4:17-cv-02128-SK, filed on April 17, 2017 and the amended complaint concurrently filed with this Settlement Agreement (the "Complaint").

(c)      **"Class Members"** comprise all Class Plaintiffs who do not affirmatively opt out of and exclude themselves from the Action in a timely manner, as defined herein.

(d)    **"Class Claims Period"** is defined as the period from April 17, 2013 through April 22, 2019.

(e)    **"Defendant" or "Plannernet"** means Plannernet, Inc.

(f)    **The "Effective Date"** is defined as follows:  If no objection to this Settlement or to any of the terms and or conditions of the Stipulation are filed by a Class Member or any intervenor to this action, the Effective Date shall occur on the day that the Court enters an order of final approval of this settlement and enters judgment; however, if any objection to this Settlement or to any of the terms and or conditions of the Stipulation is filed by any Class Member or intervenor to the Action, the Effective Date shall occur upon the expiration of the time for the filing any appeal of the order of final approval of this settlement and/or the judgment.  If an appeal is filed or any writ granted, then the Effective Date shall occur after the appeal has been dismissed or the writ dissolved and when there is no further time to appeal the dismissal of the appeal or the dissolution of the writ.

(g)    **"Enhancement Award"** means the sum to be paid to the Named Plaintiff, as an enhancement for her singular role in undertaking this Action, and for the risks and work attendant to this role, which award shall be deducted from the "Settlement Fund."

(h)    **"Named Plaintiff"** means Linda Champagne.

(i)    **"Settlement Fund"** means Four Hundred Forty Thousand Dollars and Zero Cents ($440,000.00), which is the maximum amount Plannernet shall be required to pay under this Agreement, and is inclusive of all attorneys' fees, attorneys' costs, incentive awards, claims administration expenses, alleged damages, and PAGA Claim amounts.  The employer's share of all state and federal payroll taxes and withholding such as FICA, FUTA, UI, ETT, and SDI ("Payroll Taxes"), if any, on Settlement Payments made pursuant to this Agreement to Class Members will be made by Defendant separate and apart from the Settlement Fund;

(j)    **"Net Settlement Amount"** means the Settlement Fund, less all of the following:  (i) Named Plaintiff's Enhancement Award; (ii) Class Counsel's attorneys' fees; (iii) Class Counsel's litigation costs and expenses; (iv) all third party administrator's expenses incurred by CPT Group (the "Settlement Administrator"), the third party claims administrator selected by the

---

Parties; and (v) PAGA Claim penalties payable to the California Labor and Workforce Development Agency (the "LWDA").  The total sum of the Net Settlement Amount plus the Named Plaintiff Enhancement Award, Class Counsels' attorneys' fees and costs, the claims administration expenses, and PAGA Claim payments payable to the LWDA shall not exceed the Settlement Fund of $440,000.00.

(k)   **"Settlement Payment(s)"** mean the individual amounts to be paid to Class Members pursuant to the terms of this Settlement.

2.   **Full Investigation.**  Plaintiff has fully investigated the factual and legal basis for the causes of action asserted in the Class Action.  Given the disagreement between the Parties as to the viability of the claims raised by Plaintiff in the Class Action, the Parties believe the Settlement provided for herein is a fair, adequate and reasonable settlement.

3.   **Release As To All Class Members.**  As of the Effective Date, the Class Members, including Named Plaintiff, release Plannernet, all of its affiliates, and each of their past or present officers, directors, members, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, joint ventures, parents and attorneys and each of their respective company-sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents (the "Released Parties"), from the "Released Claims."  This release is subject to court approval.  For purposes of this Agreement, the "Released Claims" are defined as:

All claims, demands, rights, liabilities, penalties, guarantees, costs, expenses, attorneys' fees, damages, and causes of action during the Class Claims Period on behalf of the Named Plaintiff and the Class Members, including, but not limited to allegations, that Plannernet:

(i)   did not pay the Class Members all overtime amounts owed (including weekly overtime, daily overtime, and double time) for work performed by Class Members for Plannernet clients;

(ii)    did not pay the Class Members the applicable state or local minimum wage for all hours worked;

(iii)    failed to provide meal periods and rest breaks to the Class Members;

(iv)    failed to pay or timely pay the Class Members for all hours worked;

(v)    did not provide legally compliant accurate itemized wage statements;

(vi)    did not properly pay all wages to the Class Members upon the Class Members' separation from Plannernet; and,

(vii)    owes or owed penalties, interest, attorneys' fees or other damages arising pursuant to the California Private Attorneys General Act, Cal. Lab. Code Section 2698 et seq.

Released claims include any unknown claims under Section 1542 of the California Civil Code, but only to the extent that they were asserted or could have been asserted based on the allegations in the First Amended Complaint.

4.    **General Release by Named Plaintiff Only.**  In addition to the release made by the Class Members set forth in Paragraph 3 hereof, Named Plaintiff, in exchange for receipt of an Enhancement Award, as of the Payment Date makes the additional following general release of all claims, known or unknown: Named Plaintiff releases the Released Parties from all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal statute, rule or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the Released Parties committed on or prior to the execution hereof.  (The release set forth in this Paragraph 4 shall be referred to hereinafter as the "General Release.")  The General Release includes any unknown claims relating to the subject matter of the Released Claims Named Plaintiff does not know or suspect to exist in her favor at the time of the General Release, which, if known by Named Plaintiff might have affected her settlement with, and release of, the Released Parties by Named Plaintiff or might have affected her decision not to object to this Settlement or the General Release.

With respect to the General Release, Named Plaintiff shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Named Plaintiff may hereafter discover facts in addition to or different from those she now knows or believes to be true with respect to the subject matter of the General Release, but Named Plaintiff, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the claims released pursuant to the General Release, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity now existing, including, but not limited to, all claims, actions, suits or charges arising out of Named Plaintiff's alleged employment or contractual relationships with Released Parties and separation/cessation of these relationships, such as claims for wrongful termination, wrongful demotion, breach of contract, unpaid wages, accrued but unused vacation pay, claims under the Labor Code of the State of California or similar laws of any other jurisdiction, and claims for discrimination, harassment, or retaliation based on any protected category, including the Age Discrimination in Employment Act ("ADEA"), conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

5.      **Allocation of Settlement Funds.**

(a)      Class Counsel intends to move the Court for an award of attorneys' fees compensating Class Counsel for its representation of the Class Members in this matter in an amount equal to thirty percent (30%) of the Settlement Fund, equal to One Hundred Thirty-Two Thousand dollars and 00/100 ($132,000.00), the entire amount of which is to be deducted from the Settlement

Fund.  Class Counsel also intends to move the Court for an Order reimbursing actual litigation costs and expenses in an amount not to exceed Seven Thousand Nine Hundred Dollars ($7,900.00), claims administration fees and costs incurred by the Settlement Administrator, in an amount not to exceed Fifteen Thousand Dollars ($15,000.00), and an Enhancement Award in an amount not to exceed Eight Thousand Five Hundred Dollars ($8,500.00) to the Named Plaintiff.  The attorneys' fees, litigation costs, claims administration costs and Enhancement Awards are to be paid out of the Settlement Fund as explained below and shall not be an additional cost to Plannernet.  Ten Thousand Dollars ($10,000.00) of the Settlement Fund shall be allocated to the PAGA Claim pursuant to California Labor Code sections 2698, et seq.  From the $10,000.00 attributed to the PAGA Claim, 75% shall be paid to the LWDA and 25% shall be distributed back into the Settlement Fund for the benefit of the Class Members.

    (b) If the Court does not approve any of the awards as requested and described above, then the difference not awarded shall be added to the Settlement Fund and distributed between the Class Members on a pro rata basis based on a percentage of each individual Class Member's Settlement Award.

    (c) The Settlement Funds shall equal the amount available to pay all Settlement Payments to the Class Members; Class Counsel's Fees Award; Class Counsel's litigation costs and expenses; Settlement Administrator fees; Enhancement Award to Named Plaintiff; and PAGA Claim penalties.

    6. **Allocation of Net Settlement Amount.**  The amount remaining from the Settlement Funds after the award of the attorneys' fees and costs, enhancement awards, claims administration expenses and PAGA Claim penalties payable to the LWDA, shall be referred to as the "Net Settlement Amount" from which all Class Members will receive a Settlement Payment.  There shall be no requirement that any Class Plaintiff submit a claim form to become a Class Member.  Class Plaintiffs who do not negotiate the settlement payment shall be subject to the full release of claims as set forth in Paragraph 3 above.  The Net Settlement Amount will be allocated for distribution to the Class Members based on estimated overtime hours worked and meal and rest period premiums

owed utilizing the number of large-format events worked during the Class Claims Period, with additional penalties distributed on a pro rata basis to all Class Members.  Class Plaintiffs who opt out cannot be Class Members and therefore will not receive a distribution.  Class Plaintiffs who do not opt out in a timely manner automatically become Class Members and need not submit a claim form in order to receive a distribution from the Net Settlement Amount.

7.      **Basis for Distribution.**  Settlement payments will be made on a pro-rata basis to all Class Members who do not opt out in a timely manner as described in Paragraph 6 above.  The Settlement Administrator shall issue an IRS Form 1099 to each of the Class Members.

8.      **Additional Distribution Details**.

(a)      **Time for Distribution of the First Installment of Settlement Payments**. Settlement Payments shall be made on an installment basis.  Within thirty (30) days after the Effective Date, Plannernet shall pay the first installment to the Settlement Administrator, which shall comprise Two Hundred Twenty Thousand Dollars ($220,000).  The Settlement Administrator shall distribute the first installment within seven (7) business days from receipt in the following manner: Class Members' proportionate shares of their settlement awards; Class Counsel's costs and expenses; 50% of the Named Plaintiff's Enhancement Award; payment to the Settlement Administrator; and the PAGA payment.  The Parties agree that all Settlement Payments will be allocated as recommended by the Settlement Administrator in conformance with applicable tax laws with IRS Forms issued accordingly, as required by law.  The Settlement Administrator will issue IRS 1099 forms to the Class Members.  Class Members shall take full and complete responsibility for any and all tax liability incurred by them resulting from sums paid to them pursuant to this settlement and Agreement.

(b)      **Time for Distribution of the Second and Final Installment Payment**.  One year from Plannernet's initial Installment Payment, Plannernet will pay one (1) subsequent installment of Two Hundred Twenty Thousand Dollars ($220,000).   The Settlement Administrator will distribute the second installment within seven (7) business days from receipt in the following

manner:  Class Members' remaining proportionate share of their settlement awards; the remainder of Plaintiff's Enhancement Award; and payment of attorney fees to Class Counsel.

(c)    **Opt-Outs.**  Excluded from receiving a Settlement Payment under the terms of this Agreement are all Class Plaintiffs who submit a valid and timely Request for Exclusion from the class action settlement.

(d)    **Class Members Who Fail to Negotiate Initial Installment Payment.**  It is anticipated, but not certain, that one or more Class Members who receive the Initial Installment Payment will fail to negotiate this payment within the one hundred and eighty (180) day negotiation period described in Section 8(e) below.  Such individuals will remain Class Members, will not receive their pro-rata share of the subsequent installment payment and the amounts that would otherwise have been allocated to them shall be re-allocated to Class Members who negotiated their Initial Installment Payment in a timely manner in a pro-rata basis.  For good cause, the Parties are permitted to allow the late negotiation of the Initial Installment Payment of any Class Member, subject to approval by the Court in case of any disagreement between the Parties, in which case that Class Member shall receive his or her Initial Installment Payment as well as the Second and Final installment payment.

(e)    All unclaimed Settlement Payments shall become null and void one hundred and eighty (180) days following the mailing date on the settlement checks.

9.    **Fees Award, Costs, and Enhancement Award.**

(a)    Class Counsel shall petition the Court for an award of attorneys' fees ("Fees Award") in an amount equal to thirty percent (30%) of the Settlement Fund, to be paid from the Settlement Fund. Plannernet shall not, directly or indirectly, oppose or contest this request.  Class Counsel shall not be permitted to apply to the Court for, or accept any additional payments for fees or interest and the Fees Award shall be for all claims for attorneys' fees past, present and future incurred in the Action.

     (b)    Class Counsel shall petition the Court for an award of actual Costs reimbursements, in an amount not to exceed $7,900.00, to be paid from the Settlement Fund. Plannernet shall not, directly or indirectly, oppose or contest this request.

     (c)    Class Counsel may apply for an Enhancement Award to the Named Plaintiff in an amount not to exceed Eight-Thousand Five Hundred Dollars ($8,500.00) for her time and effort spent pursuing the Action, and for the risks undertaken for fees and costs in the event of an unsuccessful outcome in this Action.  Plannernet agrees not to oppose such an application, so long as it is consistent with the provisions of this Agreement.  The Enhancement Award shall be paid out of the Settlement Funds and shall not constitute an additional expense for Plannernet.  In addition to the Enhancement Award, Named Plaintiff is eligible to receive a Settlement Payment.  The Enhancement Award will not be taxed as wages.  For such award, Named Plaintiff will receive an IRS 1099 Form from the Settlement Administrator.

10.    **Time for Distribution.**  Class Counsel's Fee Award and awarded costs, as well as Named Plaintiff's Enhancement Award shall be paid by Plannernet from the Settlement Funds, and shall not constitute an additional expense for Plannernet.  The Enhancement Award and Class Counsel's awarded Fees and Costs shall be paid to Class Counsel via the Settlement Administrator, as set forth in Section 8(a) and 8(b) above.

11.    **Responsibilities of Plannernet.**  Within 20 calendar days after Preliminary Approval, Plannernet will provide the Settlement Administrator and Class Counsel with an electronic spreadsheet containing the names, e-mails, and most recent mailing addresses for all Class Members.  Plannernet will cooperate with the Settlement Administrator to locate Plaintiffs whose original Notice packets have been returned to the Settlement Administrator as undeliverable and if the Settlement Administrator has been unsuccessful in locating an updated address by way of social security computer search or other means available to the Settlement Administrator.

12.    **Operation of the Settlement Fund.**

     (a)    Plannernet represents that it currently maintains sufficient assets to pay all claims, fees, costs, payments, enhancement awards, claims administration fees and expenses.

Plannernet shall pay amounts from the Settlement Fund as directed by the Court and/or the Settlement Administrator.

(b)     Plannernet shall not be obligated to segregate the Settlement Funds from its general funds, and shall forward all amounts required to be paid to the Settlement Administrator for distribution as indicated above.

(c)     Payment of the individual Settlement Payments shall not be admissible as evidence in any other proceeding nor shall it be deemed an admission of the validity of any part of the Class Member's claims or of any liability on the part of Plannernet.

(d)     Class Counsel shall have full authority to determine distribution of the settlement fund to class members, subject to court approval.  Defendant agrees to cooperate with Class Counsel by providing updated contact information for all Class Members to determine distribution of the settlement fund to the Class Members, including data which identifies event types by approximate length and total earnings during the Class Period, as well as the active or inactive status of the Class Member.  This information will be protected as confidential under the terms of the Protective Order.

(e)     The Settlement Administrator shall have the authority and obligation to make payments and disbursements in the manner set forth herein, to Class Members from the Settlement Fund calculated in accordance with the methodology set out in this Agreement and orders of the Court and subject to verification by Class Counsel.

(f)     No person shall have any claim against Plannernet, Plannernet's Counsel, Named Plaintiff, the Class, Class Members, Class Counsel or the Settlement Administrator based on distributions and payments made in accordance with this Agreement, once approved by the Court.

(g)     The maximum amount Plannernet can be required to pay under this Settlement for any purpose is the amount of the Settlement Fund, Four Hundred Forty Thousand Dollars and Zero Cents ($440,000.00).

13.     **No Injunctive Relief.**  As part of this Settlement, Plannernet shall not be required to enter into any consent decree, nor shall Plannernet be required to agree to any provision for

injunctive relief.  Plannernet shall not be required as part of the Settlement to modify or eliminate any of its personnel, compensation or payroll practices, or adopt any new personnel, compensation or payroll practices.

14. **Notice/Approval of Settlement and Settlement Implementation.**  As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary Court approval of the Settlement, notifying all Class Plaintiffs, obtaining final Court approval of the Settlement and processing the individual Settlement Payments.

(a) **Preliminary Settlement Approval.**  The Plaintiff will file, concurrently herewith, a stipulation by the Parties to file an amended complaint to include the expanded class definition and a motion for an order of preliminary approval of the Settlement and setting a date for Final Fairness Hearing to obtain final approval of the Settlement (proposed "Preliminary Approval Order" or "Order") (in a form substantially similar to Exhibit 1 attached hereto).  In support of the application for an order of preliminary approval, the Parties have submitted this Agreement, which sets forth the terms of this Settlement, and will include proposed forms of the class notice and other documents necessary to implement the Settlement.  The proposed Order on Preliminary Approval shall provide for notice of the Settlement and related matters to be sent to Class Plaintiffs as specified herein.

15. **Notice to Plaintiffs.**  Notice of the Settlement shall be provided to the Class Plaintiffs who may opt out of the Class, submit disputes or objections to the Settlement, and/or request for exclusion from the Class, using the following procedures:

(a) **Settlement Administrator.**  CPT Group (the "Settlement Administrator") shall be retained to serve as Settlement Administrator.  Subject to Plannernet's and Class Counsel's agreement to perform some or all of said tasks, as set forth in this Agreement, the Settlement Administrator shall be responsible for preparing, printing and mailing the Notice of Pendency of Class Action Settlement ("Notice") (in the form substantially similar to Exhibit 2 attached hereto), as directed by the Court to all Class Plaintiffs; determining the amount of all payments to Class Members; monitoring the opt-outs and objections to the Settlement; advising Class Counsel and

Counsel for Plannernet on a bi-weekly basis of the status; drafting and mailing Settlement Payment checks and IRS 1099 forms to Class Members; addressing questions from Class Members regarding the Settlement; and for such other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform.  All eligibility and Settlement Award determinations shall be based on data to be provided to the Settlement Administrator pursuant to the terms of this Settlement Agreement.  The Parties each represent they do not have any financial interest in Settlement Administrator or otherwise have a relationship with Settlement Administrator that could create a conflict of interest.  Plannernet shall also be responsible for paying over to the Settlement Administrator the Settlement Fund to enable the Settlement Administrator to pay Settlement Class Members, Class Counsel, and the Settlement Administrator.

(b)     **Notice by First-Class Mail.**  Within twenty-five calendar days after entry of the Preliminary Approval Order as provided herein, the Settlement Administrator shall send a Notice to all Plaintiffs via First Class regular U.S. mail, using the most current mailing address information for Class Plaintiffs as provided by Plannernet to the Settlement Administrator and Class Counsel (for Class Counsel's eyes only) from Plannernet's records.  Any Notices returned to the Settlement Administrator as non-delivered within 45 days shall be sent to the forwarding address affixed thereto.  If no forwarding address is provided, then the Settlement Administrator shall promptly attempt to determine a correct address using a single computer or other search using the social security number of the individual involved (if available to Plannernet) and shall re-mail the Notice to the address that is located, if any.  If the Settlement Administrator is unable to obtain new address information with regard to any Notice returned as non-deliverable within 45 days or if a Notice is returned as non-deliverable more than 45 days following the original mailing date, the Settlement Administrator shall be deemed to have satisfied its obligation to provide the Notice to the affected Class Plaintiffs through the original mailing.  Plannernet and Class Counsel will cooperate with the Settlement Administrator in efforts to locate Class Plaintiffs should the Settlement Administrator be unable to obtain a better forwarding address.

16.   **Procedure for Opting Out, Disputing to, Objecting to or Requesting Exclusion from Class Action Settlement.**

(a)   **Procedure for Opting out of the Class or Disputing Settlement Payment.** Class Plaintiffs who do not opt out will automatically participate in the Class; Class Plaintiffs do not need to opt in or return any claim form in order to participate in the Settlement.  Class Members can dispute their Settlement Payment by submitting additional proof of events worked as indicated in the Class Notice to the Settlement Administrator no later than ninety (90) days after the original Notice is mailed. In case of any increase in any award, funds shall be re-allocated from within the Net Settlement Amount on a pro-rata basis.

(b)   **Procedure for Objecting.**  The Notice shall provide that Plaintiffs who wish to object to the Settlement must send their written objections to the Court, or file their written objections with the Court, no later than ninety (90) days after the original Notice is mailed (the "Objection/Exclusion Deadline Date").  Unless otherwise allowed by the Court, no Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement. Objecting Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

(c)   **Procedure for Requesting Exclusion.**  Class Plaintiffs who wish to exclude themselves from the Class must mail a written statement to the Settlement Administrator requesting exclusion from the Class within ninety (90) days after the original Notice is mailed.  Such written request for exclusion must contain the name, address, telephone number and Social Security number of the person requesting exclusion, must be returned by mail to the Settlement Administrator at the specified address and must be postmarked on or before the Objection/Exclusion Deadline Date. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Any Class Plaintiff who opts out of the Class will not be entitled to any recovery under the Settlement, will not release any

claims, and will have no right to object to the Settlement or appeal from a final judgment approving the Settlement.

(d)     Class Plaintiffs who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline Date shall be bound by all terms of the Settlement and any Final Judgment entered in this Class Action if the Settlement is approved by the Court, regardless of whether or not they have made an objection to the Settlement.  No later than five court days before the Final Approval Hearing, the Settlement Administrator shall provide Plannernet's Counsel and Class Counsel with the number and gross settlement amount of all Class Members as well as a total number of Plaintiffs who have timely requested exclusion from the Class.

(e)     The Parties agree to use their best efforts to carry out the terms of this Settlement.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement or requests for exclusion from the Settlement Class, or appeal from the Court's Final Judgment.  Plannernet shall not retaliate against any Plaintiff who participates in this Settlement.

17.     **Option to Terminate Settlement.**  If, after the Objection/Exclusion Deadline Date and before the Final Approval Hearing date, persons who otherwise would be members of the Class have filed with the Court timely requests for exclusion from the Settlement Class in accordance with Paragraph 16(c) above, and such persons total in number greater than 7.5 percent (7.5%) of the Class Plaintiffs, Plannernet shall have, in its sole discretion, the option to terminate this Settlement. If Plannernet chooses to exercise this discretion, Plannernet shall provide Class Counsel with written notice of the termination and file a notice thereof with the Court at least ten court days following notification of same by the Settlement Administrator.  Plannernet shall also be solely responsible for all settlement administration costs if it terminates the settlement under this provision.

18.     **Final Settlement Approval Hearing and Entry of Final Judgment.**  The Final Settlement Approval Hearing shall be conducted to determine final approval of the Settlement at which time the Court will also address the amounts properly payable for (i) the Class Counsel's

attorneys' fee and litigation costs and expenses awards, and (ii) Named Plaintiff's Enhancement Award.  Upon final approval of the Settlement by the Court at or after the Final Settlement Approval Hearing, the Parties shall present an Order Granting Final Approval and Judgment.  After entry of the Final Judgment, the Court shall have continuing jurisdiction solely for purposes of addressing: (i) settlement administration matters and (ii) such post-Final Judgment matters as may be appropriate under court rules or as set forth in this Agreement.

19.     **Costs.**  All of Plannernet's own legal fees, costs and expenses incurred in this Action shall be borne by Plannernet.  The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement, noting that the cost of administering the settlement shall be deducted from the Settlement Fund upon approval by the Court.

20.     **Nullification of Settlement Agreement.**  In the event: (i) the Court does not enter the Order specified herein; (ii) the Court does not finally approve the Settlement and does not enter a Final Judgment as provided herein which becomes final as a result of the occurrence of the Effective Date; or (iii) the Settlement does not become final for any other reason, this Settlement Agreement shall be null and void and any order or judgment entered by the Court, in furtherance of this Settlement shall be treated as void *ab initio*.  Should event (i), (ii), or (iii) above occur, the Parties and any funds yet to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any fees already incurred by the Settlement Administrator shall be paid for by Plannernet and shall not be repaid to Plannernet.  Administration of the Settlement shall be stayed pending final resolution of any appeal or other appellate review.

21.     **Appraisal and Certification by Settlement Administrator.**  The Settlement Administrator shall keep Plannernet, Plannernet's counsel and Class Counsel apprised of all distributions from the Settlement Fund (to the extent the Settlement Administrator is responsible for any such distribution) and upon completion of administration of that portion of the Settlement, the

1    Settlement Administrator shall provide written certification of such completion to the Court and

2    counsel for all Parties.

3         22.    **Privacy of Documents and Information.**  Plaintiff and her counsel agree that none

4    of the documents and information provided to them by Plannernet as part of settlement and approval

5    thereof shall be used for any purpose other than in furtherance of the settlement of this Class

6    Action.  Within 75 days after the Second and Final Installment Payment has been paid by

7    Plannernet, Class Counsel and Named Plaintiff shall destroy all materials in their possession

8    pertaining to this Action, with the exception that Class Counsel may keep archival copies for their

9    records, which shall not be disclosed to any third parties except as may be required by law.

10        23.    **No Admission by the Parties.**  Plannernet and the Released Parties deny any and all

11   claims alleged in this Class Action and deny all wrongdoing whatsoever.  This Agreement is not a

12   concession or admission, and shall not be used against Plannernet or any of the Released Parties as

13   an admission or indication with respect to any claim of any fault, concession or omission by

14   Plannernet or any of the Released Parties.  Whether or not the Settlement is finally approved,

15   neither the Settlement, nor any document, statement, proceeding or conduct related to this

16   Agreement, nor any reports or accounts thereof, shall in any event be:

17             (a)    construed as, offered or admitted in evidence as, received as, or deemed to be

18   evidence for any purpose adverse to the Released Parties, including, but not limited evidence of a

19   presumption, concession, indication or admission by any of the Released Parties of any liability,

20   fault, wrongdoing, omission, concession or damage; or

21             (b)    disclosed, referred to or offered or received in evidence against any of the

22   Released Parties, in any further proceeding in the Class Action, or any other civil, criminal or

23   administrative action or proceeding except for purposes of settling this Class Action pursuant to this

24   Agreement.

25        24.    **Exhibits and Headings.**  The terms of this Agreement include the terms set forth in

26   the attached Exhibits 1-2, which are incorporated by this reference as though fully set forth herein.

27   Any Exhibits to this Agreement are an integral part of the Settlement.  The descriptive headings of

28

any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

25.    **Interim Stay of Proceedings.**  The Parties agree to stay all proceedings in the Class Action, except such proceedings necessary to implement and complete the Settlement, pending the Final Settlement Hearing to be conducted by the Court.

26.    **Amendment or Modification.**  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

27.    **Entire Agreement.**  This Agreement and any attached Exhibits constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

28.    **Authorization to Enter Into Settlement Agreement.**  Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.  The persons signing this Agreement on behalf of Plannernet represent and warrant that they are authorized to sign this Agreement on behalf of Plannernet.

29.    **No Publicity.**  Class Counsel shall not publicize this settlement, nor shall they contact or respond to any requests from the press (including print, television, radio, internet, or any other media) regarding this settlement, except to refer them to the Court's file for further information.  The Named Plaintiff shall not respond to inquiries directed to her by Plaintiffs or any other person or entity.  Named Plaintiff must refer all such inquiries to Class Counsel.

30. **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

31. **Counterparts.** This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

32. **This Settlement is Fair, Adequate and Reasonable.** The Parties believe this Settlement is a fair, adequate and reasonable settlement of this Class Action and have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after extensive negotiations and review of portions of Plannernet's business records, payroll records, timekeeping records, and employment policies and as further described in the declarations of counsel submitted in support of Preliminary Approval of Settlement.

33. **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

34. **Cooperation and Drafting.** Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, same shall not be construed against any of the Parties.

35. **Invalidity of Any Provision.** Before declaring any provision of this Agreement invalid, the Court shall first try to construe the provision as valid to the extent possible under the law so as to render all provisions of this Agreement valid and enforceable

36. **Named Plaintiff's Waiver of Right to be Excluded and Object**. Named Plaintiff agrees to sign this Agreement and by signing this Agreement is bound by the terms herein stated and further agrees not to request to be excluded from the Settlement Class and agrees not to object

to any of the terms of this Agreement.  Non-compliance by Named Plaintiff with this paragraph shall be void and of no force or effect.  Any such request for exclusion or objection shall therefore be void and of no force or effect.

Date:  May \_\_\_\_, 2019                     NAMED PLAINTIFF


By:_____
            Linda Champagne
            *On behalf of herself and the Class*

Date:  May \_\_\_\_, 2019                     PLANNERNET, INC.


By:_____
            James Montague
            Its: President


**APPROVED AS TO FORM**.


Date:  May \_\_\_\_, 2019                     LAW OFFICES OF JOHN E. HILL


By:_____
            Enrique Martínez
            *Attorneys for Plaintiff & Class*

Date:  May \_\_\_\_, 2019                     QUINTANA HANAFI, LLP


By:_____
            Ramsey Hanafi
            *Attorneys for Plaintiff & Class*

*//*

Date:  May ____, 2019                    JEFFER, MANGELS, BUTLER & MITCHELL, LLP


By:_____
　　　　Travis M. Gemoets
　　　　*Attorneys for Defendant*


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____    _____

                                                    SALLIE KIM

                                        United States Magistrate Judge

1  to any of the terms of this Agreement.  Non-compliance by Named Plaintiff with this paragraph

2  shall be void and of no force or effect.  Any such request for exclusion or objection shall therefore

3  be void and of no force or effect.

4

5  Date: May _____, 2019                NAMED PLAINTIFF

6

7                                       By:_____
8                                           Linda Champagne
                                            *On behalf of herself and the Class*
9

10 Date: May _____, 2019                PLANNERNET, INC.

11

12                                       By:_____
13                                           James Montague
                                            Its: President
14

15 **APPROVED AS TO FORM.**

16

17 Date: May _6_, 2019                  LAW OFFICES OF JOHN E. HILL

18

19

20                                       By:_____
21                                           Enrique Martínez
                                            *Attorneys for Plaintiff & Class*
22 Date: May _6_, 2019                  QUINTANA HANAFI, LLP

23

24                                       By:_____
25                                           Ramsey Hanafi
                                            *Attorneys for Plaintiff & Class*
26

27 //

28

---

JOINT STIPULATION FOR REPRESENTATIVE ACTION AND CLASS ACTION SETTLEMENT

-24-

Date: May **6**, 2019                    JEFFER, MANGELS, BUTLER & MITCHELL, LLP

By:_____
     Travis M. Gemoets
     *Attorneys for Defendant*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____       _____

                                     SALLIE KIM

                                     United States Magistrate Judge

---

1  to any of the terms of this Agreement.  Non-compliance by Named Plaintiff with this paragraph

2  shall be void and of no force or effect.  Any such request for exclusion or objection shall therefore

3  be void and of no force or effect.

4

5  Date:  May ____, 2019                        NAMED PLAINTIFF

6

7                                               By:_____

8                                                   Linda Champagne
                                                    *On behalf of herself and the Class*

9

10 Date:  May **6**, 2019                       PLANNERNET, INC.

11                                              /s/ JAMES MONTAGUE

12                                              By:_____by TMG_____

13                                                  James Montague
                                                    Its: President

14

15 **APPROVED AS TO FORM.**

16

17

18 Date:  May ____, 2019                        LAW OFFICES OF JOHN E. HILL

19

20                                              By:_____

21                                                  Enrique Martínez
                                                    *Attorneys for Plaintiff & Class*

22 Date:  May ____, 2019                        QUINTANA HANAFI, LLP

23

24                                              By:_____

25                                                  Ramsey Hanafi
                                                    *Attorneys for Plaintiff & Class*

26

27 //

28

---

JOINT STIPULATION FOR REPRESENTATIVE ACTION AND CLASS ACTION SETTLEMENT

to any of the terms of this Agreement.  Non-compliance by Named Plaintiff with this paragraph shall be void and of no force or effect.  Any such request for exclusion or objection shall therefore be void and of no force or effect.

Date:  May ___, 2019                    NAMED PLAINTIFF

                                        By: _____
                                            Linda Champagne
                                            *On behalf of herself and the Class*

Date:  May ___, 2019                    PLANNERNET, INC.


                                        By: _____
                                            James Montague
                                            Its: President

**APPROVED AS TO FORM**.


Date:  May ___, 2019                    LAW OFFICES OF JOHN E. HILL


                                        By: _____
                                            Enrique Martínez
                                            *Attorneys for Plaintiff & Class*

Date:  May ___, 2019                    QUINTANA HANAFI, LLP


                                        By: _____
                                            Ramsey Hanafi
                                            *Attorneys for Plaintiff & Class*

//

EXHIBIT D

1

John E. Hill, State Bar #45338
Enrique Martínez, State Bar #206884

2

LAW OFFICES OF JOHN E. HILL

3

333 Hegenberger Road, Ste. 500
Oakland, CA 94621

4

Telephone: (510) 588-1000
Facsimile: (510) 632-1445

5

enriquemartinez@hill-law-offices.com

6

Ramsey Hanafi, State Bar #262515

7

QUINTANA HANAFI, LLP
870 Market Street, Suite 1115

8

San Francisco, CA 94102
Tel.: (415) 504-3121

9

Fax: (415) 233-8770
info@qhplaw.com

10

11

*Attorneys for Plaintiff & Class*

12

Travis M. Gemoets, State Bar #174365
Taylor N. Burras, State Bar #279744

13

JEFFER, MANGELS, BUTLER & MITCHELL, LLP
1900 Avenue of The Stars, Floor 7

14

Los Angeles, CA 90067
Tel.: (310) 785-5387

15

Fax: (310) 712-3387

16

*Attorneys for Defendant*

17

18

## UNITED STATES DISTRICT COURT

19

## NORTHERN DISTRICT OF CALIFORNIA

20

21

LINDA CHAMPAGNE, on behalf of herself and all others similarly situated,

22

          Plaintiffs,

23

vs.

24

25

PLANNERNET, INC., a North Carolina Corporation,

26

          Defendant.

27

28

Case No.: 4:17-cv-02128-SK

**CLASS ACTION**

**JOINT STIPULATION FOR REPRESENTATIVE ACTION AND CLASS ACTION SETTLEMENT**

Plaintiff Linda Champagne ("Plaintiff") and Plannernet, Inc. ("Defendant" and/or "Plannernet") (collectively the "Parties"), hereby submit this Joint Stipulation for Representative Action and Class Action Settlement ("Stipulation" or "Agreement") to the Court for its consideration.  It is filed in conjunction with Plaintiff's Motion for Preliminary Approval of Representative Action and Class Action Settlement which Plannernet does not oppose.

### STIPULATION AND SETTLEMENT AGREEMENT
### OF CLASS ACTION CLAIMS

This Stipulation is made by the Named Plaintiff on behalf of herself and each member of the "Class" as defined herein, on the one hand, and Defendant Plannernet, on the other hand, in the above-captioned action ("Class Action" or "Action") pending in the United States District Court, Northern District of California, and subject to the approval of the Court.  The Settlement Class is comprised of all persons who worked for Defendant Plannernet as suppliers or meeting managers and supported Defendant's onsite client events in California at any time from April 17, 2013 through the date of the preliminary approval order, and who do not properly and timely opt out of the Settlement Class by requesting exclusion.

I.     **Procedural History.**

Plaintiff filed her Complaint as a putative class action (under F.R.C.P. 23) and representative action under Private Attorneys General Act, Cal. Labor Code § 2698, et seq. ("PAGA") against Defendant on behalf of herself, and all similarly situated suppliers of Plannernet.

On October 21, 2016, pursuant to Labor Code section 2698, et seq., Plaintiff served online, upon the California Labor and Workforce Development Agency ("LWDA") and via U.S. Certified Mail on Plannernet with her notification letter for wage and hour violations and penalties. More than 65 days passed since Plaintiff served notice to the LWDA and Plannernet, and the LWDA did not provide notice of its intent to investigate Plaintiff's claims. Therefore, Plaintiff exhausted her obligation to provide administrative notice and sought penalties on behalf of herself and others who she alleges are current and former California employees of Defendant.

On April 17, 2017, Plaintiff filed her Complaint in the above captioned court.

On May 16, 2017, Defendant served its answer to Plaintiff's Complaint.

Defendant is represented by Travis M. Gemoets and Taylor Burras of the law firm Jeffer Mangels Butler & Mitchell LLP.

## II.    Investigation in the Action.

The Parties have conducted significant investigation of the facts and law during the prosecution of this Action.  Such investigation has included, *inter alia*, the exchange of both formal and informal written discovery and several thousand pages of documents.  Class Counsel has further investigated the applicable law as applied to the facts discovered regarding the alleged claims, damages, and potential defenses thereto.  In pertinent part, the investigation has yielded the following:  Plaintiff generally alleges that Class Members have suffered damages; that Plannernet misclassified Class Members as independent contractors, that Plannernet did not pay Class Members all wages owed to them; that Plannernet did not pay the Class Members all overtime premiums owed; that Plannernet did not pay the Class Members all premium wages for meal and rest period violations; that Plannernet did not provide legally compliant accurate itemized wage statements; that Plannernet owes wages, penalties, liquidated damages, waiting time penalties, interest, attorneys' fees or other damages of any kind based on a failure to fully or timely compensate Class Members for all hours worked at any time on or before the last day of the Class Period while working for Plannernet (whether based on contract, the California Wage Orders, or the wage and hour laws which would be applicable to any one or more of the Class Members' employment with Released Parties during the Class Period, or otherwise); that Plannernet engaged in alleged unlawful, unfair and/or fraudulent business practices under California and Business and Professions Code 17200 *et seq.*; that Plannernet violated the Labor Code Private Attorney General's Act of 2004 ("the PAGA Claim") and that Class Members were harmed by the conduct alleged in the Action.  Thus, Plaintiff, on behalf of herself and other Class Members, demands various amounts for wages, penalties, interest, costs, attorneys' fees, and other damages.

Based upon a thorough review of the law and facts of this case, Plannernet contends that there is no basis for damages, attorneys' fees, liquidated damages, waiting time penalties, and/or

any other penalties to be assessed against it pursuant to California state law because Class Plaintiffs were at all times properly classified as independent contractors.  As such, all amounts properly owed to the Class Members were timely paid to them, and Plannernet disputes that Class Members were owed any overtime.  Plannernet denies that it failed to pay meal period or rest period premium wages at the regular rate under applicable law, including the legal precedent of *Brinker Restaurant Corp. v. Superior Court,* 53 Cal.4th 1004 (2012).  Plannernet denies that it did not provide legally compliant accurate itemized wage statements, that it did not properly pay all wages to Class Members upon their separation from their engagement with Plannernet, and that it owed or owes wages, penalties, interest, attorneys' fees or other damages related only to the underlying PAGA claims during the Class Period.  Nevertheless, given the risks inherent in litigation and in the spirit of compromise, Plaintiff and Class Members hereby agree to compromise all claims and forego any and all claims for liquidated damages and/or penalties against Plannernet pursuant to applicable law, including but not limited to the California Labor Code and California Wage Orders, and the applicable laws of any other state, in return for payments made pursuant to this Stipulation.

## III.     Benefits of Settlement to Class Members.

Plaintiff recognizes the expense and length of continued proceedings necessary to continue the litigation against Plannernet through trial and through any possible appeals.  Plaintiff has also taken into account the uncertainty and risk of further litigation, and the difficulties and delays inherent in such litigation.  Plaintiff is also aware of the burdens of proof necessary to establish liability for the claims asserted in the Action, Defendant's defenses thereto, and the difficulties in establishing damages for the Plaintiff and the Class.  Plaintiff has also taken into account the settlement negotiations to date and a lengthy mediation commencing on January 30, 2018 before the Hon. Ernest H. Goldsmith (Ret.), an expert mediator of class actions, representative actions, and collective actions, especially those in the wage and hour arena such as the Action and the fact that the Settlement is the product of a mediator's proposal.  Based on the foregoing, Plaintiff has determined that the Settlement set forth in this Agreement is a fair, adequate and reasonable settlement, and is in the best interests of the Class Members.

IV.   **<u>Plannernet's Reasons for Settlement</u>**.

Plannernet has concluded that further defense of this litigation would be protracted and expensive for all Parties.  Substantial amounts of time, energy and resources of Plannernet have been and, unless this Settlement is made, will continue to be devoted to the defense of the claims asserted by Plaintiff.  Plannernet has also assessed the risk of a finding of liability against it, and has taken into account the settlement negotiations to date.  Plannernet has, therefore, agreed to settle in the manner and upon the terms set forth in this Agreement to put to rest the Claims as set forth in the Action.

V.   **<u>Plannernet's Denials of Wrongdoing</u>**.

Plannernet has denied and continues to deny each of the claims and contentions alleged by Plaintiff in the Action.  Plannernet has repeatedly asserted and continues to assert defenses thereto and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action.  Plannernet also has denied and continues to deny, *inter alia*, that Plaintiff and the Class Members have suffered damages; that Plannernet improperly classified Plaintiff and the Class Members as independent contractors; that Plannernet did not pay Plaintiff and the Class Members all wages owed to them; that Plannernet did not pay the Plaintiff and the Class Members all overtime premiums owed; that Plannernet did not pay the Plaintiff and the Class Members all premium wages for missed meal and rest period violations at the proper rate of pay or at all; that Plannernet did not provide legally compliant accurate itemized wage statements; that Plannernet owes wages, penalties, liquidated damages, waiting time penalties, interest, attorneys' fees or other damages of any kind based on a failure to fully or timely compensate Plaintiff and the Class Members for all hours worked at any time on or before the last day of the Class Period while working for Plannernet (whether based on contract, the FLSA, the California Wage Orders, or the wage and hour laws which would be applicable to any Class Member's employment with Released Parties during the Class Period, or otherwise); that Plannernet engaged in alleged unlawful, unfair and/or fraudulent business practices under California and Business and Professions Code 17200 *et seq.*; that Plannernet violated the Labor Code Private

1  Attorneys General Act of 2004 and that Plaintiff and the Class Members were harmed by the

2  conduct alleged in the Action.

3  **VI.    Class Claims.**

4         Plaintiff, on behalf of herself and all Class Plaintiffs, has claimed and continues to claim that

5  the Released Claims (as defined below) have merit and give rise to liability on the part of

6  Plannernet.  Neither this Agreement nor any documents referred to herein, nor any action taken to

7  carry out this Agreement, will be construed or used as an admission by or against any Party

8  (Defendant, Plaintiff, counsel, or Released Parties as defined below) as to the merits or lack thereof

9  of the claims asserted except as to the Released Claims of the Class Members.

10        NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among Plaintiff, on

11  behalf of herself and the Class Members on the one hand, and Plannernet on the other hand, and

12  subject to the approval of the Court, that the Class Action is hereby being compromised and settled

13  pursuant to the terms and conditions set forth in this Agreement upon the Effective Date (as defined

14  below), subject to the recitals set forth herein above, which by this reference become an integral

15  part of this Agreement, and subject to the following terms and conditions:

16        1.      **Definitions:**

17              (a)      **"Class Plaintiffs"** is defined as all persons who worked for Defendant

18  Plannernet as suppliers or meeting managers and supported Defendant's onsite client events in

19  California at any time from April 17, 2013 through the date of the preliminary approval order, and

20  who do not properly and timely opt out of the Settlement Class by requesting exclusion.

21              (b)      **"Action" or "Class Action"** refers to the action entitled *LINDA*

22  *CHAMPAGNE, on behalf of herself and all others similarly situated, Plaintiffs, vs. PLANNERNET,*

23  *INC., a North Carolina Corporation,* Defendant, United States District Court for the Northern

24  District of California, Case No.4:17-cv-02128-SK, filed on April 17, 2017 and the amended

25  complaint concurrently filed with this Settlement Agreement (the "Complaint").

26              (c)      **"Class Members"** comprise all Class Plaintiffs who do not affirmatively opt

27  out of and exclude themselves from the Action in a timely manner, as defined herein.

28

---

JOINT STIPULATION FOR REPRESENTATIVE ACTION AND CLASS ACTION SETTLEMENT

(d)   **"Class Claims Period"** is defined as the period from April 17, 2013 through April 22, 2019.

(e)   **"Defendant" or "Plannernet"** means Plannernet, Inc.

(f)   **The "Effective Date"** is defined as follows:  If no objection to this Settlement or to any of the terms and or conditions of the Stipulation are filed by a Class Member or any intervenor to this action, the Effective Date shall occur on the day that the Court enters an order of final approval of this settlement and enters judgment; however, if any objection to this Settlement or to any of the terms and or conditions of the Stipulation is filed by any Class Member or intervenor to the Action, the Effective Date shall occur upon the expiration of the time for the filing any appeal of the order of final approval of this settlement and/or the judgment.  If an appeal is filed or any writ granted, then the Effective Date shall occur after the appeal has been dismissed or the writ dissolved and when there is no further time to appeal the dismissal of the appeal or the dissolution of the writ.

(g)   **"Enhancement Award"** means the sum to be paid to the Named Plaintiff, as an enhancement for her singular role in undertaking this Action, and for the risks and work attendant to this role, which award shall be deducted from the "Settlement Fund."

(h)   **"Named Plaintiff"** means Linda Champagne.

(i)   **"Settlement Fund"** means Four Hundred Forty Thousand Dollars and Zero Cents ($440,000.00), which is the maximum amount Plannernet shall be required to pay under this Agreement, and is inclusive of all attorneys' fees, attorneys' costs, incentive awards, claims administration expenses, alleged damages, and PAGA Claim amounts.  The employer's share of all state and federal payroll taxes and withholding such as FICA, FUTA, UI, ETT, and SDI ("Payroll Taxes"), if any, on Settlement Payments made pursuant to this Agreement to Class Members will be made by Defendant separate and apart from the Settlement Fund;

(j)   **"Net Settlement Amount"** means the Settlement Fund, less all of the following:  (i) Named Plaintiff's Enhancement Award; (ii) Class Counsel's attorneys' fees; (iii) Class Counsel's litigation costs and expenses; (iv) all third party administrator's expenses incurred by CPT Group (the "Settlement Administrator"), the third party claims administrator selected by the

Parties; and (v) PAGA Claim penalties payable to the California Labor and Workforce Development Agency (the "LWDA").  The total sum of the Net Settlement Amount plus the Named Plaintiff Enhancement Award, Class Counsels' attorneys' fees and costs, the claims administration expenses, and PAGA Claim payments payable to the LWDA shall not exceed the Settlement Fund of $440,000.00.

(k)     **"Settlement Payment(s)"** mean the individual amounts to be paid to Class Members pursuant to the terms of this Settlement.

2.     **Full Investigation.**  Plaintiff has fully investigated the factual and legal basis for the causes of action asserted in the Class Action.  Given the disagreement between the Parties as to the viability of the claims raised by Plaintiff in the Class Action, the Parties believe the Settlement provided for herein is a fair, adequate and reasonable settlement.

3.     **Release As To All Class Members.**  As of the Effective Date, the Class Members, including Named Plaintiff, release Plannernet, all of its affiliates, and each of their past or present officers, directors, members, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, joint ventures, parents and attorneys and each of their respective company-sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents (the "Released Parties"), from the "Released Claims."  This release is subject to court approval.  For purposes of this Agreement, the "Released Claims" are defined as:

All claims, demands, rights, liabilities, penalties, guarantees, costs, expenses, attorneys' fees, damages, and causes of action during the Class Claims Period on behalf of the Named Plaintiff and the Class Members, including, but not limited to allegations, that Plannernet:

(i)     did not pay the Class Members all overtime amounts owed (including weekly overtime, daily overtime, and double time) for work performed by Class Members for Plannernet clients;

1

2

(ii)      did not pay the Class Members the applicable state or local minimum wage for all hours worked;

3

4

(iii)      failed to provide meal periods and rest breaks to the Class Members;

(iv)      failed to pay or timely pay the Class Members for all hours worked;

5

(v)      did not provide legally compliant accurate itemized wage statements;

6

7

(vi)      did not properly pay all wages to the Class Members upon the Class Members' separation from Plannernet; and,

8

9

10

(vii)      owes or owed penalties, interest, attorneys' fees or other damages arising pursuant to the California Private Attorneys General Act, Cal. Lab. Code Section 2698 et seq.

11

12

13

Released claims include any unknown claims under Section 1542 of the California Civil Code, but only to the extent that they were asserted or could have been asserted based on the allegations in the First Amended Complaint.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

4.      **General Release by Named Plaintiff Only.**  In addition to the release made by the Class Members set forth in Paragraph 3 hereof, Named Plaintiff, in exchange for receipt of an Enhancement Award, as of the Payment Date makes the additional following general release of all claims, known or unknown: Named Plaintiff releases the Released Parties from all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal statute, rule or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the Released Parties committed on or prior to the execution hereof.  (The release set forth in this Paragraph 4 shall be referred to hereinafter as the "General Release.")  The General Release includes any unknown claims relating to the subject matter of the Released Claims Named Plaintiff does not know or suspect to exist in her favor at the time of the General Release, which, if known by Named Plaintiff might have affected her settlement with, and release of, the Released Parties by Named Plaintiff or might have affected her decision not to object to this Settlement or the General Release.

28

With respect to the General Release, Named Plaintiff shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Named Plaintiff may hereafter discover facts in addition to or different from those she now knows or believes to be true with respect to the subject matter of the General Release, but Named Plaintiff, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the claims released pursuant to the General Release, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity now existing, including, but not limited to, all claims, actions, suits or charges arising out of Named Plaintiff's alleged employment or contractual relationships with Released Parties and separation/cessation of these relationships, such as claims for wrongful termination, wrongful demotion, breach of contract, unpaid wages, accrued but unused vacation pay, claims under the Labor Code of the State of California or similar laws of any other jurisdiction, and claims for discrimination, harassment, or retaliation based on any protected category, including the Age Discrimination in Employment Act ("ADEA"), conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

5.      **Allocation of Settlement Funds.**

(a)      Class Counsel intends to move the Court for an award of attorneys' fees compensating Class Counsel for its representation of the Class Members in this matter in an amount equal to thirty percent (30%) of the Settlement Fund, equal to One Hundred Thirty-Two Thousand dollars and 00/100 ($132,000.00), the entire amount of which is to be deducted from the Settlement

Fund.  Class Counsel also intends to move the Court for an Order reimbursing actual litigation costs and expenses in an amount not to exceed Seven Thousand Nine Hundred Dollars ($7,900.00), claims administration fees and costs incurred by the Settlement Administrator, in an amount not to exceed Fifteen Thousand Dollars ($15,000.00), and an Enhancement Award in an amount not to exceed Eight Thousand Five Hundred Dollars ($8,500.00) to the Named Plaintiff.  The attorneys' fees, litigation costs, claims administration costs and Enhancement Awards are to be paid out of the Settlement Fund as explained below and shall not be an additional cost to Plannernet.  Ten Thousand Dollars ($10,000.00) of the Settlement Fund shall be allocated to the PAGA Claim pursuant to California Labor Code sections 2698, et seq.  From the $10,000.00 attributed to the PAGA Claim, 75% shall be paid to the LWDA and 25% shall be distributed back into the Settlement Fund for the benefit of the Class Members.

>  (b)  If the Court does not approve any of the awards as requested and described above, then the difference not awarded shall be added to the Settlement Fund and distributed between the Class Members on a pro rata basis based on a percentage of each individual Class Member's Settlement Award.

>  (c)  The Settlement Funds shall equal the amount available to pay all Settlement Payments to the Class Members; Class Counsel's Fees Award; Class Counsel's litigation costs and expenses; Settlement Administrator fees; Enhancement Award to Named Plaintiff; and PAGA Claim penalties.

>  6.  **Allocation of Net Settlement Amount.**  The amount remaining from the Settlement Funds after the award of the attorneys' fees and costs, enhancement awards, claims administration expenses and PAGA Claim penalties payable to the LWDA, shall be referred to as the "Net Settlement Amount" from which all Class Members will receive a Settlement Payment.  There shall be no requirement that any Class Plaintiff submit a claim form to become a Class Member.  Class Plaintiffs who do not negotiate the settlement payment shall be subject to the full release of claims as set forth in Paragraph 3 above.  The Net Settlement Amount will be allocated for distribution to the Class Members based on estimated overtime hours worked and meal and rest period premiums

owed utilizing the number of large-format events worked during the Class Claims Period, with additional penalties distributed on a pro rata basis to all Class Members.  Class Plaintiffs who opt out cannot be Class Members and therefore will not receive a distribution.  Class Plaintiffs who do not opt out in a timely manner automatically become Class Members and need not submit a claim form in order to receive a distribution from the Net Settlement Amount.

7.   **Basis for Distribution.**  Settlement payments will be made on a pro-rata basis to all Class Members who do not opt out in a timely manner as described in Paragraph 6 above.  The Settlement Administrator shall issue an IRS Form 1099 to each of the Class Members.

8.   **Additional Distribution Details.**

(a)   **Time for Distribution of the First Installment of Settlement Payments.** Settlement Payments shall be made on an installment basis.  Within thirty (30) days after the Effective Date, Plannernet shall pay the first installment to the Settlement Administrator, which shall comprise Two Hundred Twenty Thousand Dollars ($220,000).  The Settlement Administrator shall distribute the first installment within seven (7) business days from receipt in the following manner: Class Members' proportionate shares of their settlement awards; Class Counsel's costs and expenses; 50% of the Named Plaintiff's Enhancement Award; payment to the Settlement Administrator; and the PAGA payment.  The Parties agree that all Settlement Payments will be allocated as recommended by the Settlement Administrator in conformance with applicable tax laws with IRS Forms issued accordingly, as required by law.  The Settlement Administrator will issue IRS 1099 forms to the Class Members.  Class Members shall take full and complete responsibility for any and all tax liability incurred by them resulting from sums paid to them pursuant to this settlement and Agreement.

(b)   **Time for Distribution of the Second and Final Installment Payment.**  One year from Plannernet's initial Installment Payment, Plannernet will pay one (1) subsequent installment of Two Hundred Twenty Thousand Dollars ($220,000).   The Settlement Administrator will distribute the second installment within seven (7) business days from receipt in the following

manner:  Class Members' remaining proportionate share of their settlement awards; the remainder of Plaintiff's Enhancement Award; and payment of attorney fees to Class Counsel.

      (c)    **Opt-Outs.**  Excluded from receiving a Settlement Payment under the terms of this Agreement are all Class Plaintiffs who submit a valid and timely Request for Exclusion from the class action settlement.

      (d)    **Class Members Who Fail to Negotiate Initial Installment Payment.**  It is anticipated, but not certain, that one or more Class Members who receive the Initial Installment Payment will fail to negotiate this payment within the one hundred and eighty (180) day negotiation period described in Section 8(e) below.  Such individuals will remain Class Members, will not receive their pro-rata share of the subsequent installment payment and the amounts that would otherwise have been allocated to them shall be re-allocated to Class Members who negotiated their Initial Installment Payment in a timely manner in a pro-rata basis.  For good cause, the Parties are permitted to allow the late negotiation of the Initial Installment Payment of any Class Member, subject to approval by the Court in case of any disagreement between the Parties, in which case that Class Member shall receive his or her Initial Installment Payment as well as the Second and Final installment payment.

      (e)    All unclaimed Settlement Payments shall become null and void one hundred and eighty (180) days following the mailing date on the settlement checks.

    9.    **Fees Award, Costs, and Enhancement Award.**

      (a)    Class Counsel shall petition the Court for an award of attorneys' fees ("Fees Award") in an amount equal to thirty percent (30%) of the Settlement Fund, to be paid from the Settlement Fund. Plannernet shall not, directly or indirectly, oppose or contest this request.  Class Counsel shall not be permitted to apply to the Court for, or accept any additional payments for fees or interest and the Fees Award shall be for all claims for attorneys' fees past, present and future incurred in the Action.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(b)     Class Counsel shall petition the Court for an award of actual Costs reimbursements, in an amount not to exceed $7,900.00, to be paid from the Settlement Fund. Plannernet shall not, directly or indirectly, oppose or contest this request.

(c)     Class Counsel may apply for an Enhancement Award to the Named Plaintiff in an amount not to exceed Eight-Thousand Five Hundred Dollars ($8,500.00) for her time and effort spent pursuing the Action, and for the risks undertaken for fees and costs in the event of an unsuccessful outcome in this Action.  Plannernet agrees not to oppose such an application, so long as it is consistent with the provisions of this Agreement.  The Enhancement Award shall be paid out of the Settlement Funds and shall not constitute an additional expense for Plannernet.  In addition to the Enhancement Award, Named Plaintiff is eligible to receive a Settlement Payment.  The Enhancement Award will not be taxed as wages.  For such award, Named Plaintiff will receive an IRS 1099 Form from the Settlement Administrator.

10.     **Time for Distribution.**  Class Counsel's Fee Award and awarded costs, as well as Named Plaintiff's Enhancement Award shall be paid by Plannernet from the Settlement Funds, and shall not constitute an additional expense for Plannernet.  The Enhancement Award and Class Counsel's awarded Fees and Costs shall be paid to Class Counsel via the Settlement Administrator, as set forth in Section 8(a) and 8(b) above.

11.     **Responsibilities of Plannernet.**  Within 20 calendar days after Preliminary Approval, Plannernet will provide the Settlement Administrator and Class Counsel with an electronic spreadsheet containing the names, e-mails, and most recent mailing addresses for all Class Members.  Plannernet will cooperate with the Settlement Administrator to locate Plaintiffs whose original Notice packets have been returned to the Settlement Administrator as undeliverable and if the Settlement Administrator has been unsuccessful in locating an updated address by way of social security computer search or other means available to the Settlement Administrator.

12.     **Operation of the Settlement Fund.**

(a)     Plannernet represents that it currently maintains sufficient assets to pay all claims, fees, costs, payments, enhancement awards, claims administration fees and expenses.

Plannernet shall pay amounts from the Settlement Fund as directed by the Court and/or the Settlement Administrator.

(b)     Plannernet shall not be obligated to segregate the Settlement Funds from its general funds, and shall forward all amounts required to be paid to the Settlement Administrator for distribution as indicated above.

(c)     Payment of the individual Settlement Payments shall not be admissible as evidence in any other proceeding nor shall it be deemed an admission of the validity of any part of the Class Member's claims or of any liability on the part of Plannernet.

(d)     Class Counsel shall have full authority to determine distribution of the settlement fund to class members, subject to court approval.  Defendant agrees to cooperate with Class Counsel by providing updated contact information for all Class Members to determine distribution of the settlement fund to the Class Members, including data which identifies event types by approximate length and total earnings during the Class Period, as well as the active or inactive status of the Class Member.  This information will be protected as confidential under the terms of the Protective Order.

(e)     The Settlement Administrator shall have the authority and obligation to make payments and disbursements in the manner set forth herein, to Class Members from the Settlement Fund calculated in accordance with the methodology set out in this Agreement and orders of the Court and subject to verification by Class Counsel.

(f)     No person shall have any claim against Plannernet, Plannernet's Counsel, Named Plaintiff, the Class, Class Members, Class Counsel or the Settlement Administrator based on distributions and payments made in accordance with this Agreement, once approved by the Court.

(g)     The maximum amount Plannernet can be required to pay under this Settlement for any purpose is the amount of the Settlement Fund, Four Hundred Forty Thousand Dollars and Zero Cents ($440,000.00).

13.     **No Injunctive Relief.**  As part of this Settlement, Plannernet shall not be required to enter into any consent decree, nor shall Plannernet be required to agree to any provision for

injunctive relief.  Plannernet shall not be required as part of the Settlement to modify or eliminate any of its personnel, compensation or payroll practices, or adopt any new personnel, compensation or payroll practices.

14.     **Notice/Approval of Settlement and Settlement Implementation.**  As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary Court approval of the Settlement, notifying all Class Plaintiffs, obtaining final Court approval of the Settlement and processing the individual Settlement Payments.

(a)     **Preliminary Settlement Approval.**  The Plaintiff will file, concurrently herewith, a stipulation by the Parties to file an amended complaint to include the expanded class definition and a motion for an order of preliminary approval of the Settlement and setting a date for Final Fairness Hearing to obtain final approval of the Settlement (proposed "Preliminary Approval Order" or "Order") (in a form substantially similar to Exhibit 1 attached hereto).  In support of the application for an order of preliminary approval, the Parties have submitted this Agreement, which sets forth the terms of this Settlement, and will include proposed forms of the class notice and other documents necessary to implement the Settlement.  The proposed Order on Preliminary Approval shall provide for notice of the Settlement and related matters to be sent to Class Plaintiffs as specified herein.

15.     **Notice to Plaintiffs.**  Notice of the Settlement shall be provided to the Class Plaintiffs who may opt out of the Class, submit disputes or objections to the Settlement, and/or request for exclusion from the Class, using the following procedures:

(a)     **Settlement Administrator.**  CPT Group (the "Settlement Administrator") shall be retained to serve as Settlement Administrator.  Subject to Plannernet's and Class Counsel's agreement to perform some or all of said tasks, as set forth in this Agreement, the Settlement Administrator shall be responsible for preparing, printing and mailing the Notice of Pendency of Class Action Settlement ("Notice") (in the form substantially similar to Exhibit 2 attached hereto), as directed by the Court to all Class Plaintiffs; determining the amount of all payments to Class Members; monitoring the opt-outs and objections to the Settlement; advising Class Counsel and

Counsel for Plannernet on a bi-weekly basis of the status; drafting and mailing Settlement Payment checks and IRS 1099 forms to Class Members; addressing questions from Class Members regarding the Settlement; and for such other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform.  All eligibility and Settlement Award determinations shall be based on data to be provided to the Settlement Administrator pursuant to the terms of this Settlement Agreement.  The Parties each represent they do not have any financial interest in Settlement Administrator or otherwise have a relationship with Settlement Administrator that could create a conflict of interest.  Plannernet shall also be responsible for paying over to the Settlement Administrator the Settlement Fund to enable the Settlement Administrator to pay Settlement Class Members, Class Counsel, and the Settlement Administrator.

(b)  **Notice by First-Class Mail.**  Within twenty-five calendar days after entry of the Preliminary Approval Order as provided herein, the Settlement Administrator shall send a Notice to all Plaintiffs via First Class regular U.S. mail, using the most current mailing address information for Class Plaintiffs as provided by Plannernet to the Settlement Administrator and Class Counsel (for Class Counsel's eyes only) from Plannernet's records.  Any Notices returned to the Settlement Administrator as non-delivered within 45 days shall be sent to the forwarding address affixed thereto.  If no forwarding address is provided, then the Settlement Administrator shall promptly attempt to determine a correct address using a single computer or other search using the social security number of the individual involved (if available to Plannernet) and shall re-mail the Notice to the address that is located, if any.  If the Settlement Administrator is unable to obtain new address information with regard to any Notice returned as non-deliverable within 45 days or if a Notice is returned as non-deliverable more than 45 days following the original mailing date, the Settlement Administrator shall be deemed to have satisfied its obligation to provide the Notice to the affected Class Plaintiffs through the original mailing.  Plannernet and Class Counsel will cooperate with the Settlement Administrator in efforts to locate Class Plaintiffs should the Settlement Administrator be unable to obtain a better forwarding address.

16.     **Procedure for Opting Out, Disputing to, Objecting to or Requesting Exclusion from Class Action Settlement.**

(a)     **Procedure for Opting out of the Class or Disputing Settlement Payment.** Class Plaintiffs who do not opt out will automatically participate in the Class; Class Plaintiffs do not need to opt in or return any claim form in order to participate in the Settlement.  Class Members can dispute their Settlement Payment by submitting additional proof of events worked as indicated in the Class Notice to the Settlement Administrator no later than ninety (90) days after the original Notice is mailed. In case of any increase in any award, funds shall be re-allocated from within the Net Settlement Amount on a pro-rata basis.

(b)     **Procedure for Objecting.**  The Notice shall provide that Plaintiffs who wish to object to the Settlement must send their written objections to the Court, or file their written objections with the Court, no later than ninety (90) days after the original Notice is mailed (the "Objection/Exclusion Deadline Date").  Unless otherwise allowed by the Court, no Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement. Objecting Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

(c)     **Procedure for Requesting Exclusion.**  Class Plaintiffs who wish to exclude themselves from the Class must mail a written statement to the Settlement Administrator requesting exclusion from the Class within ninety (90) days after the original Notice is mailed.  Such written request for exclusion must contain the name, address, telephone number and Social Security number of the person requesting exclusion, must be returned by mail to the Settlement Administrator at the specified address and must be postmarked on or before the Objection/Exclusion Deadline Date. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Any Class Plaintiff who opts out of the Class will not be entitled to any recovery under the Settlement, will not release any

claims, and will have no right to object to the Settlement or appeal from a final judgment approving the Settlement.

(d)      Class Plaintiffs who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline Date shall be bound by all terms of the Settlement and any Final Judgment entered in this Class Action if the Settlement is approved by the Court, regardless of whether or not they have made an objection to the Settlement.  No later than five court days before the Final Approval Hearing, the Settlement Administrator shall provide Plannernet's Counsel and Class Counsel with the number and gross settlement amount of all Class Members as well as a total number of Plaintiffs who have timely requested exclusion from the Class.

(e)      The Parties agree to use their best efforts to carry out the terms of this Settlement.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement or requests for exclusion from the Settlement Class, or appeal from the Court's Final Judgment.  Plannernet shall not retaliate against any Plaintiff who participates in this Settlement.

17.      **Option to Terminate Settlement.**  If, after the Objection/Exclusion Deadline Date and before the Final Approval Hearing date, persons who otherwise would be members of the Class have filed with the Court timely requests for exclusion from the Settlement Class in accordance with Paragraph 16(c) above, and such persons total in number greater than 7.5 percent (7.5%) of the Class Plaintiffs, Plannernet shall have, in its sole discretion, the option to terminate this Settlement. If Plannernet chooses to exercise this discretion, Plannernet shall provide Class Counsel with written notice of the termination and file a notice thereof with the Court at least ten court days following notification of same by the Settlement Administrator.  Plannernet shall also be solely responsible for all settlement administration costs if it terminates the settlement under this provision.

18.      **Final Settlement Approval Hearing and Entry of Final Judgment.**  The Final Settlement Approval Hearing shall be conducted to determine final approval of the Settlement at which time the Court will also address the amounts properly payable for (i) the Class Counsel's

attorneys' fee and litigation costs and expenses awards, and (ii) Named Plaintiff's Enhancement Award. Upon final approval of the Settlement by the Court at or after the Final Settlement Approval Hearing, the Parties shall present an Order Granting Final Approval and Judgment. After entry of the Final Judgment, the Court shall have continuing jurisdiction solely for purposes of addressing: (i) settlement administration matters and (ii) such post-Final Judgment matters as may be appropriate under court rules or as set forth in this Agreement.

19. **Costs.** All of Plannernet's own legal fees, costs and expenses incurred in this Action shall be borne by Plannernet. The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement, noting that the cost of administering the settlement shall be deducted from the Settlement Fund upon approval by the Court.

20. **Nullification of Settlement Agreement.** In the event: (i) the Court does not enter the Order specified herein; (ii) the Court does not finally approve the Settlement and does not enter a Final Judgment as provided herein which becomes final as a result of the occurrence of the Effective Date; or (iii) the Settlement does not become final for any other reason, this Settlement Agreement shall be null and void and any order or judgment entered by the Court, in furtherance of this Settlement shall be treated as void *ab initio*. Should event (i), (ii), or (iii) above occur, the Parties and any funds yet to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any fees already incurred by the Settlement Administrator shall be paid for by Plannernet and shall not be repaid to Plannernet. Administration of the Settlement shall be stayed pending final resolution of any appeal or other appellate review.

21. **Appraisal and Certification by Settlement Administrator.** The Settlement Administrator shall keep Plannernet, Plannernet's counsel and Class Counsel apprised of all distributions from the Settlement Fund (to the extent the Settlement Administrator is responsible for any such distribution) and upon completion of administration of that portion of the Settlement, the

1
2

Settlement Administrator shall provide written certification of such completion to the Court and counsel for all Parties.

3

22.   **Privacy of Documents and Information.**  Plaintiff and her counsel agree that none

4

of the documents and information provided to them by Plannernet as part of settlement and approval

5

thereof shall be used for any purpose other than in furtherance of the settlement of this Class

6

Action.  Within 75 days after the Second and Final Installment Payment has been paid by

7

Plannernet, Class Counsel and Named Plaintiff shall destroy all materials in their possession

8

pertaining to this Action, with the exception that Class Counsel may keep archival copies for their

9

records, which shall not be disclosed to any third parties except as may be required by law.

10

23.   **No Admission by the Parties.**  Plannernet and the Released Parties deny any and all

11

claims alleged in this Class Action and deny all wrongdoing whatsoever.  This Agreement is not a

12

concession or admission, and shall not be used against Plannernet or any of the Released Parties as

13

an admission or indication with respect to any claim of any fault, concession or omission by

14

Plannernet or any of the Released Parties.  Whether or not the Settlement is finally approved,

15

neither the Settlement, nor any document, statement, proceeding or conduct related to this

16

Agreement, nor any reports or accounts thereof, shall in any event be:

17

(a)   construed as, offered or admitted in evidence as, received as, or deemed to be

18

evidence for any purpose adverse to the Released Parties, including, but not limited evidence of a

19

presumption, concession, indication or admission by any of the Released Parties of any liability,

20

fault, wrongdoing, omission, concession or damage; or

21

(b)   disclosed, referred to or offered or received in evidence against any of the

22

Released Parties, in any further proceeding in the Class Action, or any other civil, criminal or

23

administrative action or proceeding except for purposes of settling this Class Action pursuant to this

24

Agreement.

25

24.   **Exhibits and Headings.**  The terms of this Agreement include the terms set forth in

26

the attached Exhibits 1-2, which are incorporated by this reference as though fully set forth herein.

27

Any Exhibits to this Agreement are an integral part of the Settlement.  The descriptive headings of

28

any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

25. **Interim Stay of Proceedings.**  The Parties agree to stay all proceedings in the Class Action, except such proceedings necessary to implement and complete the Settlement, pending the Final Settlement Hearing to be conducted by the Court.

26. **Amendment or Modification.**  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

27. **Entire Agreement.**  This Agreement and any attached Exhibits constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

28. **Authorization to Enter Into Settlement Agreement.**  Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.  The persons signing this Agreement on behalf of Plannernet represent and warrant that they are authorized to sign this Agreement on behalf of Plannernet.

29. **No Publicity.**  Class Counsel shall not publicize this settlement, nor shall they contact or respond to any requests from the press (including print, television, radio, internet, or any other media) regarding this settlement, except to refer them to the Court's file for further information.  The Named Plaintiff shall not respond to inquiries directed to her by Plaintiffs or any other person or entity.  Named Plaintiff must refer all such inquiries to Class Counsel.

30.    **Binding on Successors and Assigns.**  This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

31.    **Counterparts.**  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

32.    **This Settlement is Fair, Adequate and Reasonable.**  The Parties believe this Settlement is a fair, adequate and reasonable settlement of this Class Action and have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential.  This Settlement was reached after extensive negotiations and review of portions of Plannernet's business records, payroll records, timekeeping records, and employment policies and as further described in the declarations of counsel submitted in support of Preliminary Approval of Settlement.

33.    **Jurisdiction of the Court.**  The Court shall retain jurisdiction with respect to interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

34.    **Cooperation and Drafting.**  Each of the Parties has cooperated in the drafting and preparation of this Agreement.  Hence, in any construction made to this Agreement, same shall not be construed against any of the Parties.

35.    **Invalidity of Any Provision.**  Before declaring any provision of this Agreement invalid, the Court shall first try to construe the provision as valid to the extent possible under the law so as to render all provisions of this Agreement valid and enforceable

36.    **Named Plaintiff's Waiver of Right to be Excluded and Object**.  Named Plaintiff agrees to sign this Agreement and by signing this Agreement is bound by the terms herein stated and further agrees not to request to be excluded from the Settlement Class and agrees not to object

to any of the terms of this Agreement.  Non-compliance by Named Plaintiff with this paragraph shall be void and of no force or effect.  Any such request for exclusion or objection shall therefore be void and of no force or effect.

Date:  May \_\_\_\_, 2019                    NAMED PLAINTIFF


By:_____
              Linda Champagne
              *On behalf of herself and the Class*

Date:  May \_\_\_\_, 2019                    PLANNERNET, INC.


By:_____
              James Montague
              Its: President


**APPROVED AS TO FORM**.


Date:  May \_\_\_\_, 2019                    LAW OFFICES OF JOHN E. HILL


By:_____
              Enrique Martínez
              *Attorneys for Plaintiff & Class*

Date:  May \_\_\_\_, 2019                    QUINTANA HANAFI, LLP


By:_____
              Ramsey Hanafi
              *Attorneys for Plaintiff & Class*

*//*

Date:  May \_\_\_\_, 2019                    JEFFER, MANGELS, BUTLER & MITCHELL, LLP

By:_____
       Travis M. Gemoets
       *Attorneys for Defendant*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____   _____

                                            SALLIE KIM

                                  United States Magistrate Judge